ARKANSAS DEMOCRAT CO. *v.* PRESS PRINTING CO.

Opinion delivered February 18, 1893.

1. *Public contract—Injunction against letting to one not the lowest bidder.*

Under sections 5360, 5368 of Mansf. Dig., which provide that the board of commissioners for letting public contracts shall biennially let a contract for all binding for the various departments of the State government to the lowest responsible bidder who shall accompany his bid with a good and sufficient bond, *held*, that where the board awarded the contract for such binding to one who was not the lowest bidder and who had not accompanied his bid with a bond, the lowest bidder to whom the contract was not awarded has no rights under the contract which would entitle him to an injunction, to prevent the board from proceeding under the contract as let.

2. *Sufficiency of bond to State.*

The Arkansas Democrat Company, a corporation of which James Mitchell was principal stockholder, bid for the contract of binding for the various departments of the State government, and filed a bond in which James Mitchell was mentioned as principal, his name being inadvertently substituted for that of the company. The board accepted the bond as the bond of the company, and awarded to it the contract. *Held*, that the bond was not a compliance with the statute, but that the board might have permitted the company to give a bond after the contract was awarded.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

STATEMENT BY THE COURT.

This is an appeal from a decree of the Pulaski chancery court, setting aside a contract made by the governor, auditor and treasurer of the State of Arkansas as a board of commissioners for the letting of public contracts, with the appellant, the Arkansas Democrat Company, for the binding of the public documents of the State for two years.

The complaint alleged that the appellee was the lowest responsible bidder for the contract, and asked that the Arkansas Democrat Company be enjoined from proceeding to do the work under the contract and that the contract be awarded to the plaintiff because it was the lowest responsible bidder therefor, and because there was no bond filed with the bid made by the Arkansas Democrat Company for the performance of the work as required by law; and because the said board refused, without reason or valid objection, to award said contract to the appellee, which had in all respects complied with the law in making its bid.

The appellant answered that its bid was signed by the company and also by James Mitchell as an individual; that said Mitchell was the principal owner of the stock of the Arkansas Democrat Company and was chiefly interested in said contract, which was well known to the board of commissioners; that Mitchell as principal made and tendered to the board with his bid for the contract a good and sufficient bond for the performance of the same, in which the name of the Arkansas Democrat Company was inadvertently omitted; that the bond was accepted and approved by the board, and the contract awarded on the faith thereof; that the appellee's bid was not the lowest; that the bid of the Democrat Company and James Mitchell was the lowest bid for said contract, and was so decided by the board to be, after fair and careful investigation; that, if necessary, the Arkansas Democrat Company and the said James Mitchell will give any bond that may be required; but they maintain that the bond already executed is sufficient; that an item in their bid of 80 cents per quire for paging was intended to be 8 cents, and was so understood at the time said contract was awarded, and that they supposed it had been changed to 8 cents; that the Democrat Company only claimed 8 cents.

They also demurred to the complaint. The evidence tends to show that the board of commissioners accepted and approved the bond of Mitchell, which it considered as the bond of the Arkansas Democrat Company; that before awarding the contract it made examination, and took testimony of experts who made calculations upon the bids made to ascertain which was the lowest, and that this contract was awarded to Mitchell and the Democrat Company, with the understanding that eight and not eighty cents per quire was to be charged for printing; that the Press Printing Company based its calculations upon what the different departments of the State government had used for the two years next preceding, and the Democrat Company based its calculations upon what the departments would use for the two years next succeeding the letting of the contract (this being the period to be covered by the contract). Each claimed that its bid was the lowest bid, which the respective calculations, it was claimed, showed.

The evidence tended to show that James Mitchell was the principal owner of the stock of the Arkansas Democrat Company, and that he signed the bid as a contracting party; that it was generally understood that James Mitchell and the Arkansas Democrat Company meant the same thing; that in making this bond by Mitchell the name of the Arkansas Democrat Company was inadvertently left out of it; that said company and said Mitchell are both solvent.

There was a difference in the opinions of the witnesses as to which basis of calculations made to ascertain the lowest bid was the correct basis.

*James P. Clarke*, Attorney General, and *Ratcliffe & Fletcher* for appellants.

The appellee is entitled to no relief. The State alone can complain, if no bond was executed, or the con-

tract not let to the lowest bidder. High, Ext. Rem. secs. 92, note 2, 93, 94; 27 N. Y. 378; 13 N. Y. 382; 13 Barb. 432, 450; 91 Mo. 386; 3 S. W. Rep. 846; 82 Pa. St. 349; 36 Ohio St. 331; 24 Wis. 683; 62 Ill. 279; 31 Ark. 261; 40 Ark. 255-6; 46 *id.* 108-9; 47 *id.* 200; 7 Wall. 347; Mecham, Pub. Officers, 594, 896, 897, 991; 70 Ill. 65; 62 Ill. 279.

*Martin & Murphy* for appellee.

The regulations required by Mansf. Digest, secs. 5360, 5362, 5365, 5368, which the commissioners are bound to follow, preclude the theory of the existence of such discretion as places them above the law, or their acts beyond its reach. 59 Mich. 78; 26 N. W. Rep. 259; 106 N. C. 436; 11 S. E. Rep. 514; 40 Ark. 255. The constitution requires the contract to be let to the lowest responsible bidder. This was not done. The Democrat Company had no bond, and Mitchell had no bid. 42 Ark. 244.

HUGHES, J., (after stating the facts as above reported.) The Press Printing Company brought this action in its individual and private interest to enjoin the Arkansas Democrat Company, the Governor of the State, the Treasurer and the Auditor of the State of Arkansas, acting as a board of commissioners to let public contracts for the State, from proceeding under a contract, which had been awarded by said board to the Arkansas Democrat Company, for the binding of public documents for the various departments of the State government for two years, and to have said contract set aside and a contract awarded to said Press Printing Company for said binding; on the grounds that the said Press Printing Company had complied with all the requirements of the law in making a bid and was the lowest responsible bidder for said work; because the Arkansas Democrat Company had given no bond as required by law for the

1. As to enjoining the letting of public contracts.

performance of the contract awarded to it, and because, without reason or valid objection and in violation of law, the said board had refused to award said contract to said Press Printing Company.

The statute requires such contracts to be let to the lowest responsible bidder.

The appellee was a bidder at the letting by said board of the contract, and made no complaint before the contract was awarded, nor urged any objection to the bid of the Arkansas Democrat Company or its failure to tender a bond with its bid. The complaint is filed to assert what it conceives to be a private right, and is not by the State, or in the interest of the public.

The abstract and brief for the appellee does not state or intimate that it is a tax-payer even, and shows no injury to itself. These contracts, and the provisions of the law prescribing how they shall be let, are for the protection of the public interests, and not the interests of individuals as such. The State might complain, if its own interest had suffered, but the State is not complaining here. The appellee makes no claim, and shows no right to represent the State or the public. The contract was not awarded to it, and it has no rights under the contract.

2. Sufficiency of bond. It is true, as it appears to the court, that there was no bond given by the Arkansas Democrat Company for the performance of the contract awarded to it, which the board, however, might have permitted it to give after the contract was awarded. But the appellee shows no right, and is in no attitude to raise this objection.

For cases discussing questions involved in this case, see the following: *People* v. *Contracting Board*, 27 N. Y. 378; *State* v. *Board of Education*, 24 Wis. 683; *Free Press Association* v. *Nichols*, 45 Vt. 16; *Commonwealth* v. *Mitchell*, 82 Pa. St. 343, 350; *Detroit Free Press Co.* v. *State Auditors*, 47 Mich. 144–5.

There is no charge or proof that the board acted in bad faith or with favoritism in the letting and awarding of the contract in this case.

It follows that the decree of the chancery court must be reversed, and the complaint dismissed. It is so ordered.