FAGAN ELECTRIC COMPANY, INC. *v.* THE HOUSING AUTHORITY, CITY OF BLYTHEVILLE.

4-9150                                   228 S. W. 2d 39

Opinion delivered March 27, 1950.

*Bailey & Warren,* for appellant.
*Holland & Taylor,* for appellee.

GEORGE ROSE SMITH, J.   The issue in this case is whether Act 159 of 1949 (Ark. Stats. 1947, § 14-611 *et seq.*) applies to the appellee, Housing Authority of the City of Blytheville.   Act 159 provides that whenever "the State, or any agency thereof, or any county, municipality, school district, or other local taxing unit" undertakes to let a construction contract involving an estimated cost of over $10,000, there must be separate bidding and separate contracts for plumbing, for heating, for ventilating and air conditioning, and for electric wiring and illuminating fixtures.   In November, 1949, the appellee proposed to award a single contract for the construction of a public housing project that will exceed $10,000 in cost.   The appellants, who are dealers in electrical appliances and plumbing supplies, contend that Act 159 requires the appellee to let separate contracts for electric wiring and fixtures and for plumbing.  Upon the appellee's refusal to solicit separate bids the appellants brought this action to enjoin the award of a single contract.   This appeal is from the chancellor's refusal to grant an injunction.

We pass over the question of whether the appellants' interest is sufficiently direct to enable them to maintain the action (see *Arkansas Democrat Co.* v. *Press Printing Co.*, 57 Ark. 322, 21 S. W. 586), for we think the issue to be of sufficient public importance to make a decision on the merits desirable.   Nor need we consider the validity of the Act.

By its terms Act 159 applies to "the State, or any agency thereof, or any county, municipality, school district, or other local taxing unit."   In order to hold that the Act applies to the appellee we must find that a housing authority is either (*a*) an agency of the State or (*b*) a local taxing unit.   It is apparent from an examination of the statutes governing housing authorities that these public corporations do not fall in either classification.   Ark. Stats., Title 19, Ch. 30.   The statute creates a housing authority in each city of the first class and in each county, but the corporation cannot begin business until the governing body of the city or county finds by resolution that there is need for the authority

to function. § 19-3004. If a city adopts such a resolution the mayor then appoints commissioners to conduct the affairs of the authority. § 19-3005. The authority's powers can be exercised only within the city and a limited contiguous area. §§ 19-3003 (g) and 19-3011 (b). We find nothing in the statute to indicate that the State has reserved any control over local housing authorities. The appellee is no more an agency of the State than is any other corporation as to which the State has done nothing except bring it into existence.

Nor is the appellee a local taxing unit. A housing authority may derive income from federal grants, from the issuance of bonds, from rentals, etc., but it has not been given the power of taxation. Under the doctrine of *ejusdem generis* the general reference to "other local taxing units" includes only units of the same kind as those already specifically enumerated. *State* v. *Chicago, R. I. & P. Ry. Co.*, 95 Ark. 114, 128 S. W. 555. Here the specific reference is to counties, municipalities, and school districts, which are all governmental bodies having the power of taxation. As a housing authority is markedly dissimilar to the other local taxing units named in the statute, especially with regard to the taxing power, it is evident that the appellee is not within the reach of Act 159.

Affirmed.