The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, Arkansas 72401
Dear Senator Bookout:
This is in response to your request for an opinion on whether the provisions of A.C.A. § 21-4-102 apply to employees who work for the Jonesboro Housing Authority.[1]
It is my opinion that the answer to your question is "yes."
The statute referred to in your question, A.C.A. § 21-4-102 (Cum. Supp. 1993), grants certain leaves of absence to "all employees of the state . . . or any of its political subdivisions" for the purpose of participating in military training programs, including programs of the National Guard and the reserve branches of the armed forces. The question thus becomes whether employees of a city housing authority are "employees of the state or any of its political subdivisions." It is my opinion that although such employees are not employees of the "state" or a state agency, they can be characterized as employees of a "political subdivision" for purposes of A.C.A. § 21-4-102.
It was held in Fagan Electric Co. v. Housing Authority,216 Ark. 932, 228 S.W.2d 39 (1950), that a city housing authority "is no more an agency of the State than is any other corporation as to which the State has done nothing except bring it into existence." 216 Ark. at 933. This office recently opined, however, that a housing authority does meet the definition of a "political subdivision," at least for purposes of construing the Arkansas sovereign immunity statutes. See Op. Att'y Gen. 93-081
(copy enclosed). It is my opinion, based upon the reasoning of that opinion, which will not be reiterated here in detail, that employees of city housing authorities can be characterized as employees of a "political subdivision" for purposes of A.C.A.21-4-102. This conclusion is buttressed by the title of Act 673 of 1991, which last amended the relevant language of A.C.A.21-4-102. The title of Act 673 provides as follows:
 AN ACT to Amend Various Provisions of the Arkansas Code to Clarify the Protection of Rights, Privileges and Benefits During Military Leave for Teachers, Administrators, Non-Certified Personnel, State Employees and Other Personnel Employed by the Public; and for Other Purposes. [Emphasis added.]
The title of Act 673 refers to "personnel employed by the public" rather than to employees of "political subdivisions." In my opinion this language is indicative of a legislative intent to construe the coverage of the statute broadly in favor of individuals "employed by the public." Employees of city housing authorities are clearly employed by the "public." These authorities are defined by statute as "public corporations" and "public bodies." See A.C.A. § 14-169-203(1) and §14-169-207(a)(1). Although language used in the title of an act is not controlling, it may play a part in explaining ambiguities in the body of a statute. Henderson v. Russell, 267 Ark. 140,589 S.W.2d 565 (1979). In my opinion the title of Act 673 may be properly considered in determining the intent of the General Assembly in using the term "political subdivision" which may have different meanings in different contexts.
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] You indicate that the Jonesboro Housing Authority is a public housing authority organized under the laws of this state. I assume that it was created under the authority of A.C.A. §14-169-201 to -240 (1987).