The Honorable Billi Fletcher State Representative 403 West Palm Street Lonoke, AR 72086-3445
Dear Representative Fletcher:
This is in response to your request for an opinion concerning the Lonoke Exceptional School ("School") and a proposed construction project. According to correspondence attached to your request, the School is a private, non-profit corporation that provides services under a performance-based contract for developmentally disabled children and adults through a day treatment center. The center is licensed by the Developmental Disabilities Services Division of the Department of Human Services, and it receives local, state and federal funds.
The center is paid a fixed fee for each separate service, and the following question has arisen regarding funds that remain after the provision of contracted services:
 Is Lonoke Exceptional School required to open or advertise bids for construction when money involved is, in fact, money after contracted services for a set fee have been provided?
Assuming that there is no applicable regulation requiring bids for construction,[1] it is my opinion that a private organization such as this is generally not subject to a public bid requirement. Arkansas Code Annotated § 22-9-203(a) (Cum. Supp. 1993) requires public bidding in the award of construction contracts by "the state, or any agency thereof, any county, municipality, school district, or other local taxing unit. . . ." Because the School is clearly not a "local taxing unit," the pivotal question in my view is whether it constitutes an agency of the state. See generally Fagan Electric Co., Inc. v. TheHousing Authority, City of Blytheville, 216 Ark. 932,228 S.W.2d 39 (1950). My review indicates that it in all likelihood does not.
A review of the body of law pertaining to the treatment of the developmentally disabled indicates that while the state regulates licensure and fixes standards for the operation of facilities, a distinction is generally recognized between "public agencies" and "private organizations." See A.C.A. §§ 20-48-202, -207, -208, -211 and 20-48-301 (Repl. 1991); see also A.C.A. §25-10-104(d)(2) (Repl. 1992) (regarding "state-owned and controlled institutional programs of the various state human development centers," as distinct from "community programs, workshops, and other services . . . in this state. . . .") The relevant statutes thus indicate that private community providers of services to the developmentally disabled are not considered agencies of the state.
It also seems clear in terms of actual operations that unlike state institutional programs, private organizations are generally not under the direct management and control of the state in the provision of services to the developmentally disabled. Private community-based organizations must, of course, be licensed and they must meet state standards in the maintenance and operation of their facilities. See, e.g., A.C.A. §§ 25-10-126 (Supp. 1993), 20-48-208 (Repl. 1991) and 20-48-605 (Repl. 1991). This does not, however, in my opinion, equate generally with the operational controls that apply for instance in the case of the state human development centers. See A.C.A. §§ 20-48-206 (Repl. 1991) and 25-10-104 (Repl. 1992). It is therefore my opinion that the element of state control, noted by the Arkansas Supreme Court in Fagan Electric Co., supra, is not present so as to render the School an "agency" of the state for purposes of the bid requirement under A.C.A. § 22-9-203.
In closing, it should be noted that the state Board of Developmental Disabilities Services has the authority to establish and maintain community centers alone "or together with . . . private organizations. . . ." A.C.A. § 20-48-211 (Repl. 1991). The extent of the state's involvement in establishing and maintaining a particular facility must, in my opinion, be considered when addressing the bid requirement issue. I have not been provided any information, however, suggesting that the Lonoke Exceptional School is "maintained" in any way by the state, other than through funding assistance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The state Board of Developmental Disabilities Services' regulatory authority over "private organizations and public agencies" includes the promulgation of regulations "fixing the standards for construction . . . of institutions and facilities. . . ." A.C.A. § 20-48-208(a) (Repl. 1991).