THE STATE *ex rel.* PHELAN and another vs. THE BOARD OF EDUCATION OF THE CITY OF FOND DU LAC.

*Mandamus — Rights of lowest bidder for public work.*

1. Where the law requires a public work to be let to the lowest bidder, such bidder, after his bid has been rejected and the contract awarded to another, has no absolute right to a *mandamus* to compel the execution of a contract with him; and in this case the court refuses to complicate the matter by directing the court below to issue the writ.

2. What the rights of *the public* may be in such a case, not here determined.

APPEAL from the Circuit Court for *Fond du Lac* County.

The relators appealed from an order refusing their application for an alternative writ of *mandamus*. The case presented by the petition is stated in the opinion.

*A. M. Blair*, for the appellant:

The relators were entitled to the contract. Sec. 7, ch. 18 of the charter of Fond du Lac (ch. 59, Pr. & L. Laws of 1868); 20 How. Pr. 206; 27 N. Y. 383. The awarding of the contract to any other person would be an illegal act, and the city would not be bound by such contract. *Kneeland v. Furlong*, 20 Wis. 437; *Wells v. Burnham*, id. 112; *Kneeland v. Milwaukee*, 18 id. 411; *Brady v. The Mayor*, etc., 20 N. Y. 312. *Mandamus* is the appropriate remedy in all cases where a party has a right to have a thing done, and no other appropriate legal means of compelling its performance. 2 Barb. S. C. 417; 13 id. 44; 25 id. 73; *People v. Croton Aqueduct Board*, 49 id. 259. When a specific duty is imposed by statute upon public officers or bodies, they may be compelled by *mandamus* to execute it, although an action for damages might also lie. 12 How. Pr. 224; 20 Barb. 294.

*Bragg & Thorn*, for respondents, contended, among other things, that it was for the board of education to

determine who was the lowest *responsible* bidder, and the court would not interfere with the exercise of its judgment on that question. 17 How. (U. S.) 284 ; id. 225 ; 24 id. 376 ; 2 Johns. Cases, 217, 232 ; 12 Johns. 414, 416 ; 13 Barb. 432, 567 ; 26 id. 240 ; 27 N. Y. 378. 2. If the relators have any rights under their bid, they have a full and adequate remedy at law, and *mandamus* will not lie. 3. The contract having been let to other parties, the case falls entirely within the decision in 27 N. Y. 378.

PAINE, J.   This was an application by the relators for a writ of *mandamus*, to compel the board of education of Fond du Lac to let to them a contract for the building of a school-house in that city.   The charter required the work to be let by contract "to the lowest responsible bidder."   And it appears from the petition that the relators were the lowest bidders, and it must perhaps be assumed, on the papers on which the court below acted, that they were responsible bidders.

It also appears from the petition, that the contract was in fact let to other parties, whose bid was higher. It is claimed on behalf of the board, that they had a discretion in determining what bidders were responsible, which the courts ought not to control.   But, without deciding upon this point, we think the application was properly denied, for the reason that where proposals are made and bids put in, in the usual manner, in letting contracts for public works, the lowest bidder has no such fixed, absolute right, that he is entitled to a *mandamus* to compel the letting of the contract to him, after his bid has been in fact rejected, and the contract awarded to another.   The statutory provision requiring the contract in such cases to be let to the lowest bidder is designed for the benefit and protection of the public, and not of the bidders.   And whatever remedy the public may have, the lowest bidder, whose bid has been rejected, has no absolute right to a writ compelling the execution

The State ex rel. Phelan and another vs. The Board of Education, etc.

of a contract with him, after one has in fact been let to another. The writ of *mandamus* being a discretionary writ, the fact that the contract has actually been awarded to another is sufficient to induce the courts to decline to interfere to further complicate the matter, even though they might otherwise have done so. *The People v. Contracting Board,* 27 N. Y. 378. See also *People v. Croton Aqueduct Board,* 49 Barb. 259.

*By the Court.* — The order appealed from is affirmed, with costs.