JOHN D. DEVIR & others *vs.* MAYOR OF MALDEN & others.

Middlesex.    November 6, 1931. — December 4, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Municipal Corporations*, Contract, By-law and ordinance.

A bill in equity under G. L. c. 40, § 53, was heard on substantially the following facts: Ordinances of a city in substance required that a committee or board, before making any contract for the furnishing of labor or materials involving expenditure of more than $500, should prepare plans and specifications and advertise for public bids, and that the committee or board might reject any or all proposals, or waive defects, when, in their judgment, the interests of the city justified such a course. The street and water commissioners published an advertisement calling for sealed proposals for furnishing and laying

top surfacing on four named streets, and stating: "Bids will be received on either or both Warrenite-Bitulithic and 3″ Sheet Asphalt. . . . Specifications and plans may be seen and all necessary information obtained at the office of the City Engineer. . . . The Commission reserves the right to reject any or all proposals or to accept any proposal, should it deem it for the interest of the City . . . . so to do." The plans referred to showed approximate areas of the streets, the smallest of which was forty-three hundred, and the aggregate over thirty-six thousand, square yards. The city engineer informed bidders "that all bids must be submitted on a per yard basis and that the city reserved the right to award the contract for any one or more streets to any bidder." The plaintiffs contended that the method of advertising for bids and the statement by the city engineer to prospective bidders made void awards made thereunder. A final decree was entered dismissing the bill. Upon appeal by the plaintiffs, it was *held,* that

(1) The instructions requiring bids on a per square yard basis did not make the scheme or plan for competition bidding void: each bidder knew, not only the minimum quantity which would be awarded to a successful bidder but also the maximum amount for which an award might be made;

(2) There was nothing in the proposed contract, specifications and plans offered by the city for the consideration of prospective bidders which violated the ordinance, in that two types of construction were presented to bidders; each bidder was given the opportunity to bid at pleasure alternatively on one or on both;

(3) There was nothing in the proposed contract or reservation which was a restraint upon the right of any bidder to figure his bid on each street separately, and also on any combination of streets named;

(4) There was no proof that all bidders and all persons desirous of bidding were not placed upon an equal footing, or that any bidder had any information not available at once to all others.

(5) The bill rightly was dismissed.

BILL IN EQUITY, filed in the Superior Court on July 29, 1931, and described in the opinion.

The suit was heard in the Superior Court by *Lummus,* J., upon an agreed statement of facts. A final decree was entered dismissing the bill. The plaintiffs appealed.

*D. J. McGillicuddy,* for the plaintiffs.

*L. E. Boutwell,* for mayor of Malden and others.

*G. B. Crafts,* for Warren Brothers Roads Company.

*M. F. Weston,* for Simpson Bros. Corporation, submitted a brief.

PIERCE, J. This is an appeal from a final decree dismissing the plaintiffs' bill of complaint. The bill was

brought by more than ten taxable inhabitants under G. L. c. 40, § 53. The case was presented to the court upon a stipulation and agreement between parties which stated, or referred to, certain facts, and defined the issues presented therein for the determination of the court.

On June 24, 1931, the street and water commissioners of the city of Malden duly published an advertisement in a newspaper published in Malden, in terms and figures as follows: "City of Malden. Proposals for Furnishing and Laying Top-Surfacing in Street and Water Commission, June 23, 1931. Sealed proposals for furnishing and laying Top Surfacing on Pleasant St., Exchange St., Lebanon St. and Eastern Ave. in Malden, Mass., will be received at the office of the Street and Water Commission until Thursday, July 2, 1931, at 8:00 o'clock, P.M., when they will be publicly opened and read. Bids will be received on either or both Warrenite-Bitulithic and 3″ Sheet Asphalt. All bids submitted for performing the work must be on the basis of a five-year guarantee. Specifications and plans may be seen and all necessary information obtained at the office of the City Engineer between 8:00 A.M. and 12 M. daily. The Commission reserves the right to reject any or all proposals or to accept any proposal, should it deem it for the interest of the City of Malden so to do. A certified check for $500.00 payable to the City of Malden, must accompany each proposal. A bond satisfactory to the Street and Water Commission will be required of the contractor for the faithful performance of the work and guaranteeing the same for the term of five years. Proposals should be marked 'Proposals for Furnishing and Laying Top Surfacing' and be addressed to the Street and Water Commission, Malden, Mass. Per order of the board, John J. Connell, Clerk." The specifications are set out in the record but are not recited here. The plans to which reference is made in the advertisement and in the stipulation and agreement show the approximate areas upon which the work was proposed to be done upon the four streets, and the total area of surfacing required for all the streets, that is to say, Eastern Avenue, 13,710 square yards; Leb-

anon Street, 8,420 square yards; Pleasant Street, 9,700 square yards; Exchange Street, 4,300 square yards; making a total of 36,130 square yards.

Pursuant to directions to bidders contained in the advertisement it was stated to prospective bidders "that the work on Eastern Avenue may not be awarded"; and it was further stated by the city engineer "that all bids must be submitted on a per yard basis and that the City reserved the right to award the contract for any one or more streets to any bidder." Bids were received from four bidders, and the proposals of two of them were accepted and contracts made between the city and the successful bidders. "No Contracts for wearing surface was let for Eastern Avenue." At the trial in the Superior Court it was found "There is nothing in the present case to convince the court that the city officials were actuated by unworthy motives."

In the "Stipulation and Agreement" it is agreed that the issue presented for the determination of the court is, "Are the relevant requirements of sections 14 and 15 of Chapter 53 of the revised ordinances of 1928 of the City of Malden satisfied by the use of an advertisement duly published, certain plans, specifications, statements and proposals" as set forth in the stipulation and agreement above referred to. The material provisions of the ordinance are as follow: "Section 14. Before making any contract for the furnishing of labor or materials, involving the expenditure of more than five hundred dollars, the committee or board having charge of the same shall prepare, or cause to be prepared plans and specifications, advertise for public bids in the form of sealed proposals for furnishing said labor and materials in one or more of the local papers at least one week before the awarding of said contract, and that citizens and taxpayers of the city of Malden be given the preference in awarding said contracts, all other considerations being equal"; "Section 15. In cases where competitive bids are requested by a committee or municipal board for a contract with the city, no proposals shall be received by the said committee or board unless the same are sealed. All proposals shall be publicly opened and read at the hour and place designated; Provided,

always, that the said committee or board may reject any or all proposals, or waive defects, when, in their judgment, the interests of the city justify such a course. In the event of the rejection of all bids as hereinbefore provided no contract involving the expenditure of more than five hundred dollars shall be awarded unless competitive bids are again requested."

The plaintiffs do not question "that the provisions of said sections were complied with in every respect except as the above recited facts may disclose affirmatively a non-compliance with some provisions of said sections and the law applicable thereto." They contend, as set forth in paragraph "7A" of their bill of complaint, that the prospective bidders when applying for plans and specifications at the office of the city engineer were informed by the said city engineer "'That al bids must be submitted on a per yard basis and that the City reserved the right to award the whole or any part of the total amount of the wearing surface advertised to any bidder or bidders'; so that bidders could not know with practical definiteness and certainty the quantity and quality of the work required or the materials to be furnished in order to intelligently submit a bid." In support of this contention the plaintiffs rely upon *Sweezey* v. *Mayor of Malden*, 273 Mass. 536, where it was held to be improper to permit the bidder to furnish his own specifications as to the composition and manner of laying of the wearing surface. The reason for the decision is found in that part of the opinion which reads, at page 542: "To permit each bidder to furnish his own specifications for the construction of the wearing surface might, and probably would, allow a substantial variance in the manner of construction and its cost. Such a method of bidding would not result in bids being submitted on any common basis. Where, as here, each bidder is invited to bid upon his own specifications, it is plain that there can be no real competition between such bidders. Such an advertisement not only destroys competition, but gives city officials an opportunity to exercise favoritism in awarding contracts. A compliance with the ordinances makes it mandatory that prospective bidders shall stand upon an equal footing and

that no one shall be permitted to submit his bid upon a basis different from that of any other bidder. To allow a bidder to furnish his own specifications for any material part of the contract in question would destroy genuine and fair competition and be subversive of the public interests. The purpose of the ordinances is to prevent fraud and favoritism and to protect the financial interests of the city."

The scheme or plan for competitive bidding presented for determination in the case at bar is not open to the objection advanced by the plaintiffs that the right reserved to award the contract for one or more streets to any bidder, on a per yard basis, is void because, in legal effect, this plan is the same in principle as if the city reserved the right to award one yard to one contractor, and all the remaining yards to another; moreover the argument, if sound, on the supported facts would not be applicable here for the reason that the right reserved is to award the contract to one or more of the four streets.

There is nothing in the proposed contract, specifications and plans offered by the city for the consideration of prospective bidders which violated the ordinance, in that two types of construction were presented to bidders, for the reason that each bidder was given the opportunity to bid at pleasure alternatively on one or both.

The plaintiffs were not entitled to a ruling that a mere requirement that intending bidders should bid by the square yard was obnoxious to the ordinances. To effect such a result it must further appear either that the unit basis was subject to change at the will of an official board or officer or that the unit was not sufficiently definite to furnish a common basis for submission of bids. *California Improvement Co.* v. *Reynolds*, 123 Cal. 88. It is to be noted that all bidders had knowledge of the number of square yards upon each of the four streets, and of the total number of square yards for all of them; and under the right reserved each bidder knew that the successful bidder would be awarded a contract for not less than 4,300 square yards, which was the smallest number of yards to be placed upon any one of the four streets mentioned; and that as a con-

sequence each bidder knew, not only the minimum quantity which would be awarded to a successful bidder but also the maximum amount for which an award might be made. It is to be further observed that there is nothing in the proposed contract or reservation that was a restraint upon the right of any bidder to figure his bid on each street separately, and also on any combination of streets named. Such bidding would have complied with the advertisement and the information furnished by the engineer to each of the possible contractors. In the case at bar there is no proof that all bidders and all persons desirous of bidding were not placed upon an equal footing, or that any bidder had any information not available at once to all others. The procedure adopted by the street and water commissioners was in full accord with the provisions of the revised ordinances of 1928, §§ 14 and 15.

*Decree affirmed with costs.*