Matthias, J.
 

 The question presented to this court involves the interpretation of Section 167 of the Charter of the City of Cleveland, and also Section 238 of the Municipal Code of Cleveland, which latter provides that “no contract shall be awarded without the approval of the board of control, and then only to the lowest responsible bidder.”
 

 The records in these cases disclose that the parties entered into certain stipulations of fact which are applicable to each of the cases, but these stipulations do not enlarge or qualify the allegations of the petitions and the single question presented is whether either of the petitions of the plaintiff states a cause of action.
 

 Each party admits that the defendants were authorized to advertise and receive bids on alternate construction of the runway (concrete or asphalt). The plaintiff concedes that alternative bidding as such was ¡not illegal. The plaintiff states in its brief: “We heartily endorse the principle underlying this conclusion for it adds materially to the basic concept of competitive bidding when two or more materials, highly competitive and equal in all respects, are pitted' against each other. No one suffers and the public benefits — unless the city officials can then choose the highest of the alternate, equal materials.”
 

 As we view the case the only question presented is whether an award of a contract is valid, where the plans and specifications provide in the alternative for different materials and methods of construction, are full, accurate and complete as to each alternative, afford the opportunity for full competition as to each
 
 *35
 
 alternative, and the award is made to the lowest bidder on an alternative adopted after the opening and consideration of the bids.
 

 Since the plaintiff’s first attack on the action of the defendants was by the action seeking an injunction, the first question presented is whether the demurrer to the petition in that case was properly sustained. It was stipulated (unnecessarily so, since the petition contains no such allegations) that there was no fraud or conspiracy on the part of the city or any of its officers or officials, in recommending the letting of the contract to Loesch. There is no charge of fraudulent conduct on the part of any one. It is stipulated that Loesch is competent and financially responsible to carry out its contract, and that Lombardo, the low bidder for asphalt construction, is likewise financially responsible.
 

 The claim of the plaintiff is that, although it concedes the right to solicit bids in the alternative, Section 167 of the Charter and Section 238 of the Municipal Code of Cleveland require the award of the contract to “the lowest responsible bidder”; that by virtue of these provisions the defendants were required to award the contract to the lowest responsible bidder and were limited to selecting the one who would do the work for the lowest price; that the defendants had no authority after the bids were received and opened to determine which of the alternative constructions they would adopt and then award the contract to the lowest bidder for the material selected.
 

 The contention of the defendants is that they had full authority, after ascertaining the costs of the alternatives presented, to select the material to be used.
 

 The plaintiff alleges in its petition for injunction that the construction of the runway with asphalt would produce a runway of at least equal quality with a
 
 *36
 
 concrete runway, and, relying on this allegation, claims that, the materials being highly competitive and equal in quality, the selection of concrete at a higher price constituted an abuse of discretion and was unlawful; and that the demurrer having admitted this to be true establishes the right of the plaintiff to an injunction.
 

 The question, therefore, becomes very narrow and concise. Many cases are cited by each of the parties from other jurisdictions, but this question has been considered by this court in the case of State,
 
 ex rel. Waltz,
 
 v.
 
 Green,
 
 13 O. L. R., 108, decided June 4, 1915. That case originated in the Superior Court of Cincinnati. There, the relator, as a taxpayer, sought to enjoin the award of a contract for the construction of a courthouse in the city of Cincinnati. His action was based upon the contention that the contract under which the construction of the courthouse was begun was invalid chiefly on the ground that the bids were called for upon alternative specifications. The relator contended that the building commission was obligated by law to award the contract to the lowest bidder and that inasmuch as the commission did not determine which alternative it would select until after the bids upon every possible alternative were opened and examined, it was impossible that there could be in the legal sense an award to the lowest bidder. The opinion of the Superior Court of Cincinnati is found in 18 N. P. (N. S.), 97, 28 O. D. (N. P.), 554, and contains a full discussion of the question presented. That court dismissed the petition of the relator who thereupon appealed to the Court of Appeals which affirmed the judgment of the lower court. The opinion is found in 22 C. C. (N. S.), 1, 29 C. D., 636; paragraph two of the syllabus thereof, which clearly states the decision of the question involved, is as follows:
 

 “Plans and specifications which provide in the al
 
 *37
 
 tentative for different materials and methods of construction, and are full, accurate and complete as to each alternative in accordance with the requirements of G. C. Section 2343, and afford the opportunity for full competition as to each alternative, are valid; and an award to the lowest bidder on such alternatives as may be finally adopted, after the bids have been opened and considered, will be sustained.”
 

 A motion to certify the record was filed in this court which entered the following decision:
 

 “Motion for an order directing the Court of Appeals of Hamilton County to qertify its record. Motion overruled for the reason that no error has intervened. The question involved, however, being one of public interest.”
 

 That decision of the Supreme Court constituted an affirmance of the judgment of the Court of Appeals and answers directly the contentions of the plaintiff herein. It is in accord with the general rule as stated by the following authorities:
 

 3 McQuillin on Municipal Corporations (2 Ed. Rev.), 1209, Section 1312, reads as follows:
 

 “The fact that the authorities specify different lands of material — putting the materials, in a sense, in competition with each other — does not constitute hindrance to competition, even though the authorities cannot decide which material to use until after all the bids are presented. They may specify different kinds of asphalt for street improvement, or free or limestone flagging and artificial cement stone. So, too, they may specify brick or bituminous macadam, and may decide after all bids are received to adopt one or the other and they need not select the cheaper of the two.”
 

 The following is quoted from 3 Page on the Law of Contracts (2 Ed.), 3323, Section 1946:
 

 “If bids have been advertised for on two different specifications, intended as alternative for the same
 
 *38
 
 work, a provision requiring the letting of the contract to the lowest bidder does not bind the city to select that specification on which the lowest bid is given.”
 

 In 43 American Jurisprudence, Public Works and Contracts, 778, Section 37, it is stated:
 

 “Requirments that contracts for public work be let to the lowest bidder are not violated when plans and specifications are drawn for different materials or articles answering the same general purpose, bids are sought on the different kinds, and a choice by the proper officers is not to be made between the alternative materials or articles until all bids are in. On the contrary, the propriety of proposals based on alternative plans or materials has been recognized in many cases, although there are cases in which the right to call for alternative bids in specifications has been denied. ’ ’
 

 We hold, therefore, that the defendants (members of the board of control) were authorized to award the contract to Loesch.
 

 It follows that the demurrers to the petition of the plaintiff in the action for injunction and the demurrer to the petition in the mandamus case were properly-sustained.
 

 The judgments of the Court of Appeals, affirming the judgments of the Court of Common Pleas, are accordingly affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Hart, Zimmerman and Stewart, JJ., concur.
 

 Turner and Taft, JJ., dissent in cause No. 31739, hut concur in cause No. 31740.