STATE EX REL. HRON BROTHERS COMPANY, Plaintiff and Appellant, vs. CITY OF PORT WASHINGTON, Defendant and Respondent: GAHAN & SONS CONSTRUCTION COMPANY, Intervening Defendant and Respondent.

*December 3—December 30, 1953.*

508

For the appellant there was a brief by *O'Meara & O'Meara* of West Bend, attorneys, and *A. W. Lueck* of Beaver Dam of counsel, and oral argument by *Mr. Stephen O'Meara* and *Mr. Lueck*.

For the respondents there was a brief by *Warren A. Grady* of Port Washington, attorney, for the city of Port Washington, and by *Schanen, Schanen & Pauly* of Port Washington, attorneys, for Gahan & Sons Construction Company, Inc., and *C. R. Dineen* of Milwaukee of counsel, and oral argument by *Mr. Grady, Mr. Erwin N. Pauly,* and *Mr. Dineen*.

BROWN, J.    The judgment of the learned trial court must be affirmed.

"In most jurisdictions certiorari is not available to a low bidder to set aside the action of municipal authorities in awarding a contract to another." 10 McQuillin, Mun. Corp. (3d ed.), p. 375, sec. 28.87.

*State ex rel. Phelan v. Board of Education* (1869), 24 Wis. 683, 684, involved a petition by an unsuccessful lowest bidder for a writ of mandamus to compel the letting of a public construction contract to him. Though the present action is not in mandamus, what we said in that action is equally applicable.

". . . we think the application was properly denied, for the reason that where proposals are made and bids put in, in the usual manner, in letting contracts for public works, the lowest bidder has no such fixed, absolute right, that he is entitled to a mandamus to compel the letting of the contract to him, after his bid has been in fact rejected, and the contract awarded to another. The statutory provision requiring the contract in such cases to be let to the lowest bidder is designed for the benefit and protection of the public, and not of the bidders. And whatever remedy the public may have, the lowest bidder, whose bid has been rejected, has no absolute right to a writ compelling the execution of a contract with him, after one has in fact been let to another. The writ of mandamus being a discretionary writ, the fact that the contract has actually been awarded to another is sufficient to induce the courts to decline to interfere to further complicate the matter, even though they might otherwise have done so."

Like mandamus, certiorari is a discretionary writ, *Wilson v. Heller* (1873), 32 Wis. 457, 465; *State ex rel. Hallauer v. Gosnell* (1903), 116 Wis. 606, 619, 93 N. W. 542; *State ex rel. Skogstad v. Anderson* (1906), 130 Wis. 227, 109 N. W. 981. The petition itself shows that the contract has been awarded to another and we cannot consider it an abuse of discretion when the trial court refrained from further complicating the matter.

Furthermore we said in *Mueller v. Eau Claire County* (1900), 108 Wis. 304, 309, 84 N. W. 430, that when the powers conferred on a municipal body involve the use of discretion the courts will not question its exercise except for

an abuse equivalent to fraud. We said, too, although in that case it was dicta, that when the authority conferred was to let the contract to the lowest *responsible* bidder the courts very properly hold that the power thus conferred implies the exercise of discretion which will not be interfered with by the courts.

These precedents, in our opinion, sufficiently establish that there was no abuse of discretion by the trial court when, under the circumstances of this case, it quashed the discretionary writ of certiorari.

*By the Court.*—Judgment affirmed.