AUTOMATIC MERCHANDISING CORPORATION, Appellant, v. NUSBAUM, Secretary of Administration and others, Respondents.

*No. 266. Argued September 5, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 745.)

For the appellant there was a brief by *Bernstein, Wessel & Lewis* and *Eliot M. Bernstein,* all of Milwaukee, and oral argument by *John H. Wessel.*

For the respondents there was a brief by *Robert W. Warren,* attorney general, and *Betty R. Brown,* assistant attorney general, attorneys for respondents Joe E. Nusbaum, state secretary of administration, John E. Short, state director of the bureau of purchases and services, and R. L. Farnsworth, University of Wisconsin purchasing administrator; and *Isaksen, Werner, Lathrop & Heaney,* of Madison, attorneys for respondent ITT Canteen Corporation; and oral argument by *Ms. Brown* for respondents Joe E. Nusbaum, John E. Short and R. L. Farnsworth, and *Donald L. Heaney* for respondent ITT Canteen Corporation.

ROBERT W. HANSEN, J. This action and appeal involve what is termed alternative bidding—where the advertisement for bids permits or requires the submission of bids on alternative kinds or qualities of work or materials. The bid-letter reserves the right to select one or the other of the work or materials specified, and need not select the cheaper of the two. The option is reserved to select between the alternatives presented.[1]

*Was this an alternative bid?*

The trial court held that the bid here involved was an alternative bid, and we concur that it was. The bid re-

---

[1] *See:* 10 McQuillin, *Municipal Corporations* (3d ed.), pp. 379, 380, sec. 29.55.

quest called for bids on two types of equipment—new equipment and new with reconditioned equipment included—to be judged on a common standard. Part V. E. of the bid request (set forth in the statement of facts above) made clear that there were two separate and separable bases on which the bids would be evaluated. Bidders were required to submit proposals using all-new and new-plus-used equipment. In paragraph four of Part V. E., the university specifically reserved the right "to accept or reject bids submitted on either new or reconditioned basis if determined by the lessee to be in the best interests of the University of Wisconsin." Such reservation cannot create an authority where none is granted by statute,[2] but it indicates clearly that what was here intended and attempted was a request for alternative bids.

*May the state solicit alternative bids?*

The trial court held that alternative bidding was permitted by sec. 16.75, Stats., the statute under which the state and state university advertised for bids, and we agree that it is. Many years ago, this court interpreted city charter provisions as banning advertising for alternative bids on a street paving job.[3] Immediately thereafter the legislature passed a law specifically authorizing municipalities to advertise for alternative bids.[4] Subsequently, this court held the road open for municipalities to advertise for alternative bids with the choice of bid on the

[2] *See: State ex rel. Democrat Printing Co. v. Schmiege* (1963), 18 Wis. 2d 325, 336, 118 N. W. 2d 845.

[3] *Stocking v. Warren Brothers Co.* (1908), 134 Wis. 235, 114 N. W. 789. *See also: Mueller v. Eau Claire County* (1900), 108 Wis. 304, 84 N. W. 430, holding sec. 604, Stats. 1898, to require granting contract to lowest bidder.

[4] Sec. 62.15 (8), Stats. (Successor to sec. 925–90c, Stats. 1911, enacted in 1909, permitting municipalities to engage in alternative bidding.)

basis of low bid in the selected category.[5]  This sequence
of events dealing with municipal powers is only marginal-
ly relevant here to the extent that the law enacted permit-
ting municipalities to engage in alternative bidding de-
clares or indicates a favorable public policy to this type
of bidding.  The question remains whether sec. 16.75
permits the state of Wisconsin to do what sec. 62.15 (8)
clearly authorizes a municipality to do.  The controlling
statute is sec. 16.75 and it provides:

"**16.75 Buy on low bid, exceptions.**  (1)  All materials,
supplies, equipment and contractual services except as
otherwise provided in subs. (3) and (7), when the esti-
mated cost exceeds $3,000, shall be purchased from the
lowest responsible bidder.  All orders awarded or con-
tracts made by the department shall be awarded to the
lowest responsible bidder, taking into consideration the
location of the institution or agency, the quantities of the
articles to be supplied, their conformity with the speci-
fications, the purposes for which they are required and
the date of delivery, but preference shall always be given
to materials, supplies and provisions of Wisconsin pro-
ducers, distributors, suppliers and retailers.  Bids shall
be received only in accordance with such standard speci-
fications as are adopted by the department as provided
in this subsection.  Any or all bids may be rejected.  Each
bid, with the name of the bidder, shall be entered on a
record, and each record with the successful bid indicated
shall, after the award or letting of the contract, be
opened to public inspection.  Due notice inviting pro-
posals shall be published as a class 2 notice, under ch.
985, and the bids shall not be opened until at least 7
days from the last day of publication.  The official ad-
vertisement shall give a clear description of the article
to be purchased, the amount of the bond or check to be
submitted as surety with the bid and the date of public
opening."

In holding seeking alternative bids not to be beyond
the statutory authority, the trial court placed consider-

---

[5] *Bechthold v. Wauwatosa* (1938), 228 Wis. 544, 277 N. W. 657,
280 N. W. 320.

able reliance upon the second sentence of the quoted section—not originally a part thereof, but added thereto by ch. 592, Laws of 1955. The trial court particularly stressed the provision which allows the department to consider "the purposes for which they [the services contracted for] are required." This entire second sentence, including its reference to "the purposes" for which required, can only be read as having been added to the statute to provide the opportunity to take the various factors enumerated into consideration in determining who is the lowest responsible bidder.[6] The exercise of discretion as to which type of vending machine would best serve the interests of the university can accurately be described as an exercise of discretion as to the purposes for which the service is required or which the type of machine is to serve. Sentence four of the statute, providing that any and all bids may be rejected, grants a wide discretion,[7] including, we hold, the right to accept the lowest responsible bid in a particular category, and to reject the bids in an alternative category. The general rule of law is that alternative bidding on public contracts is entirely proper unless the applicable statutes otherwise provide,[8] and awards to the lowest responsible bidder in

[6] It is to be noted that ch. 106, sec. 5, Laws of 1967, replaced the word "qualities" in the statute as enacted with the word "quantities." Respondent argues that this represented a legislative withdrawal of any discretionary authority as to the "quality" of products or services. The analysis submitted with draft of bill that accompanied the change states the intent to be ". . . to consolidate into sequence matter pertaining to the purchasing, printing, and property management functions of the Department of Administration . . ." and, as to the specific change made, stated, "To correct a typographical error. Quality, i.e., specifications, is covered in the subsequent phrase." Whatever the intent, we hold this to be the only effect or result of the change made.

[7] See: Menzl v. Milwaukee (1966), 32 Wis. 2d 266, 276, 145 N. W. 2d 198.

[8] See: 10 McQuillin, Municipal Corporations (3d ed.), pp. 379, 380, sec. 29.55. See also: 64 Am. Jur. 2d, Public Works and Con-

a selected category under alternative bidding is general-
ly held to be a proper award to the "lowest responsible
bidder." [9] Where alternative bidding is found not to be
prohibited by the applicable statute, the award of the
contract to the lowest bidder in the selected category has
been upheld even though a bid in a rejected category
might be lower.[10] We concur in the trial court's holding
that sec. 16.75, Stats., allows the state department of
administration the discretion to advertise and weigh al-
ternative bids.

*What constitutes an abuse of discretion?*

The trial court held that, in the absence of an allega-
tion of abuse of discretion amounting to fraud, a de-
murrer would be sustained to the cause of action claiming
an abuse of discretion. We concur in the finding of the
trial court as to the proper standard for determining
abuse of discretion. Once the statute is held to authorize
alternative bidding, as it has here been held, an area of
discretion is created with the manner in which discretion
is exercised to be challenged only by a claim of flagrant
abuse of discretion amounting to fraud.[11] In the area of
alternative bidding, once the right to reserve an option
to choose between categories is clear, courts are and

*tracts,* pp. 904, 905, sec. 52; Annot. (1935), *Alternation of plans
or materials as necessary or proper factor in proposal for or ac-
ceptance of bids for public works,* 96 A. L. R. 712.

[9] *Id.*

[10] *See: L. G. DeFelice & Son, Inc. v. Argraves* (1955), 19 Conn.
Supp. 491, 118 Atl. 2d 626, 627; *Properties Co. v. Burke* (1949), 152
Ohio St. 28, 86 N. E. 2d 768; *Devir v. Mayor of Malden* (1931),
277 Mass. 502, 178 N. E. 617; *Wester v. Belote* (1931), 103 Fla.
976, 138 So. 721; *Trapp v. City of Newport* (1903), 115 Ky. 840,
74 S. W. 1109, 1110.

[11] *See: State ex rel. Hron Brothers Co. v. Port Washington*
(1953), 265 Wis. 507, 509, 510, 62 N. W. 2d 1; *Mueller v. Eau
Claire County, supra;* 1A Antieau, *Municipal Corporation Law*
(1973), p. 778, sec. 10.43 (citing *Hron*).

ought to be slow to interfere,[12] particularly where the challenge is to the exercise of the choice of categories which alternative bidding is intended to assure.

In the case before us, plaintiff did challenge both the statutory authority and the exercise of discretion in selecting new rather than new and used equipment. Paragraph 27 of the amended complaint describes the selection of the new equipment category as ". . . whimsical, capricious, arbitrary, unreasonable, discriminatory and unlawful, constituting a wrongful abuse of the discretion vested in said defendants by the statutes. . . ." Paragraph 28 continues by alleging that defendants ". . . acted beyond their jurisdictional powers and outside of the authority granted to them. . . ." It appears that plaintiff sees the choice between categories as an abuse of discretion primarily because it was ultra vires or beyond the discretions permitted by the statute. The words used are conclusions of law, rather than a setting out of essential facts for a claim of abuse of discretion.[13] Where no more is referred to than a choice between entirely new vending machines and a combination of new and used vending equipment, the allegations fall short of alleging a flagrant abuse of discretion amounting to fraud.

In holding that an abuse of discretion amounting to fraud was not alleged, the trial court commented that it

[12] "Public officers in awarding contracts for the construction of public works, the purchase or supplying of materials, etc., perform not merely ministerial duties, but duties of a judicial and discretionary nature, and the courts, in the absence of fraud or palpable abuse of that discretion ordinarily will not interfere with their decisions as to the details of entering into a contract, or the acceptance of bids therefor, so long as they conform to the requirements of controlling constitutional or statutory provisions, ordinances, or other governing legislative requirements. . . ." 64 Am. Jur. 2d, *Public Works and Contracts*, p. 918, sec. 64.

[13] Mere legal conclusions are insufficient to state a cause of action. *Barrett v. Pepoon* (1963), 19 Wis. 2d 360, 361, 362, 120 N. W. 2d 149.

is not unreasonable to assume that "the appearance of the machines and their reliable operation will affect that amount," and that "whether the machines are new or reconditioned will affect their appearance and reliability." Appellant attacks these statements as assuming material facts not contained in the complaint. This takes the trial court's comments beyond what he was required to say or, in point of fact, did say. Most purchasers of new automobiles would agree with the assumption that a new product has certain advantages over a used or reconditioned one. The trial court was not concerned with whether or not reconditioned vending machines are as attractive and reliable as new ones. It was only concerned with finding it not a flagrant abuse of discretion to select either category of bids over the other. The situation would be no different if the state department had elected to award the contract to the lowest responsible bidder in the new-plus-used equipment category. If the department, acting in good faith, determined that the new-plus-used equipment was in the best interests of the university, that decision would stand, as does its selection of the lowest bid in the new equipment category. This is the exact choice between alternative types or categories of products or services that alternative bidding is intended to reserve. Here the right to choose between the new equipment only and new-plus-used equipment bids was specifically reserved, and the exercise of lawful discretion in choosing between the two categories would be set aside only upon a showing of a flagrant abuse of discretion amounting to fraud. Such abuse of discretion amounting to fraud was not here alleged.

*By the Court.*—Order affirmed.