PRN Associates LLC and PGN Associates LLC,
Plaintiffs-Appellants,†

v.

State of Wisconsin Department of Administration,
Defendant-Respondent.

Court of Appeals

*No. 2007AP476. Submitted on briefs February 14, 2008.
—Decided June 18, 2008.*

2008 WI App 103

(Also reported in 756 N.W.2d 580.)

† Petition to review granted 9/12/08. Oral argument held on March 5, 2009.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Joseph R. Cincotta* of *Law Offices of Joseph R. Cincotta*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Richard E. Braun*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. PRN Associates LLC and PGN Associates LLC (hereinafter collectively, Prism) appeal from an order dismissing a petition for review filed pursuant to WIS. STAT. §§ 227.52–53 (2005–06)[1] and an order denying reconsideration of that dismissal. We agree with the circuit court that Prism's claims are moot and, therefore, affirm the orders.

¶ 2. In the fall of 2002, University of Wisconsin-Milwaukee initiated the issuance of a Request for Proposal (First RFP) to renovate the Kenilworth Building, located on UWM's campus. Responses were due by December 6, 2002.

¶ 3. Prism submitted the winning response to the First RFP. Before the State could begin contract negotiations with Prism, the UW-System and the State Building Commission (SBC) had to approve Prism's response. On September 5, 2003, the UW-System gave its approval. UWM's request for SBC approval was filed, but it was withdrawn on February 18, 2004, before final action was taken.

¶ 4. After UWM withdrew its request for SBC approval, the SBC ordered that a second Request for Proposal be issued for the project. (Second RFP). Re-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

sponses were due by May 14, 2004. Prism submitted a response. However, WEAS Development submitted the winning proposal.

¶ 5. Both the UW-System and the SBC approved the WEAS proposal. On February 3, 2005, the Wisconsin Department of Administration (DOA) sent a letter to Prism advising that the contract was going to be awarded to WEAS.

¶ 6. Prism protested the decision to award the contract to WEAS and appealed the denial of the protest to the DOA. That led to the issuance of an administrative decision in favor of the State, dated June 6, 2005.

¶ 7. On July 6, 2005, Prism commenced this case with the filing of a petition in the circuit court for Ozaukee county, case No. 2005CV312. The State responded with a motion to dismiss.

¶ 8. The State's dismissal motion was briefed and argued. On September 21, 2006, the circuit court found Prism's claims were moot and dismissed the case. The dismissal order was entered on October 17, 2006.

¶ 9. On October 13, 2006, Prism filed a motion for reconsideration. That motion was also briefed and argued. The circuit court denied the motion to reconsider in a decision rendered on November 27, 2006. The order was entered on January 17, 2007. Prism filed its notice of appeal on February 22, 2007.

¶ 10. Prism makes several arguments on appeal and requests remand for a damages determination. The circuit court correctly determined Prism's case is moot; we discuss only the pertinent law and reasoning.

¶ 11. We begin with a discussion of the standard of review. This case is before us in the context of a motion to dismiss. A motion to dismiss tests the legal sufficiency

of the plaintiff's complaint. *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 331, 565 N.W.2d 94 (1997). When reviewing such a motion, we accept the alleged facts and the reasonable inferences as true, but we draw all legal conclusions independently. *Walberg v. St. Francis Home, Inc.*, 2005 WI 64, ¶ 6, 281 Wis. 2d 99, 697 N.W.2d 36. A complaint should be liberally construed, and a plaintiff's claims should be dismissed only "if it is 'quite clear' that there are no conditions under which that plaintiff could recover." *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 20, 284 Wis. 2d 307, 700 N.W.2d 180 (citations omitted).

¶ 12. The scope of appellate review of an agency decision is identical to that given by statute to the circuit court. *Gilbert v. State Med. Examining Bd.*, 119 Wis. 2d 168, 194–95, 349 N.W.2d 68 (1984). We review the agency's decision, not that of the circuit court. *Motola v. LIRC*, 219 Wis. 2d 588, 597, 580 N.W.2d 297 (1998). The scope of judicial review of an agency decision is found in specific statutory provisions. Wisconsin Stat. § 227.57(4) provides:

> The court shall remand the case to the agency for further action if it finds that either the fairness of the proceedings or the correctness of the action has been impaired by a material error in procedure or a failure to follow prescribed procedure.

¶ 13. Wisconsin Stat. § 227.57(5) describes our ability to remand for further action under a correct interpretation of the law and states:

> The court shall set aside or modify the agency action if it finds that the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action, or it shall remand the case to the agency for further action under a correct interpretation of the provision of law.

¶ 14. In addition, WIS. STAT. § 227.57(8) instructs:

> The court shall reverse or remand the case to the agency if it finds that the agency's exercise of discretion is outside the range of discretion delegated to the agency by law; is inconsistent with an agency rule, an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained to the satisfaction of the court by the agency; or is otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion.

■

¶ 15. The usual deference accorded an administrative agency's interpretations of statutes or administrative rules is well known and need not be discussed here.[2] A reviewing court will only interfere with a bidding authority's discretionary act if it is arbitrary or unreasonable. *Glacier State Distrib. Servs., Inc. v. DOT*, 221 Wis. 2d 359, 368 & n.8, 585 N.W.2d 652 (Ct. App. 1998). An arbitrary action is one that is either so unreasonable as to be without rational basis or is the result of an unconsidered, willful, or irrational choice of conduct. *Id.* at 369–70. An unreasonable action is one that lacks a rational basis. *Id.* at 370.

■

¶ 16. A case is moot when the determination sought cannot have any practical effect upon an existing controversy. *Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n*, 79 Wis. 2d 161, 171, 255 N.W.2d 917

---

[2] The degrees of deference accorded administrative interpretations of statutes and conclusions of law are great deference, due-weight and de novo review, or no deference. *Telemark Dev., Inc. v. DOR*, 218 Wis. 2d 809, 817–19, 581 N.W.2d 585 (Ct. App. 1998).

(1977); *Madison Landfills, Inc. v. DNR*, 180 Wis. 2d 129, 144, 509 N.W.2d 300 (Ct. App. 1993).

■

¶ 17. Here, the contract has been awarded and no injunction was filed to prevent this. The circuit court relied on the reasoning of four cases in holding the matter to be moot under these circumstances. *See D.M.K., Inc. v. Town of* Pittsfield, 2006 WI App 40, 290 Wis. 2d 474, 711 N.W.2d 672; *Aqua-Tech, Inc. v. Como Lake Prot. & Rehab. Dist.*, 71 Wis. 2d 541, 551–52, 239 N.W.2d 25 (1976); *State ex rel. Phelan v. Board of Educ.*, 24 Wis. 683 (1869); *State ex rel. Hron Bros. Co. v. City of Port Washington*, 265 Wis. 507, 62 N.W.2d 1 (1953). Our review of the case law supports our agreement with the circuit court in holding that once the contract is awarded, the matter is moot in terms of challenging the award or challenging the process.

■

¶ 18. Each of the relevant cases involved a municipal procurement. Prism argues that because none of the cases involved a state procurement they are all distinguishable. Prism cites no authority for this argument and we are not persuaded. First, none of the holdings in the four cases confine themselves to the specific procurement statutes involved, indeed the specific statutes are minimally mentioned in the decisions. We agree with the State that it is the rationale of the four decisions that is important. Each of the decisions holds that the public procurement statutes are intended primarily for the benefit and protection of the public, not the individual bidder and the individual bidder has no fixed, absolute right to the contract. *Aqua-Tech*, 71 Wis. 2d at 552; *Hron Bros.*, 265 Wis. at 509; *Phelan*, 24 Wis. at 684–85; *D.M.K.*, 290 Wis. 2d 474, ¶ 26.

269

¶ 19. In *Aqua-Tech*, the supreme court held: "[A] temporary injunction prohibiting the [procuring body] from awarding the contract pending a disposition on the merits of [a] claim appears to be *required* to avoid rendering ineffective a possible judgment in [the challenging party's] favor." *See Aqua-Tech*, 71 Wis. 2d at 552 (emphasis added). Thus, Prism was required to obtain a temporary injunction to prohibit the award of the contract. *See id.*

¶ 20. In addition, even if Prism had timely sought and obtained injunctive relief, which it did not, the court cannot order the contract to be awarded to Prism or to any other bidder for that matter. *See id.* at 551–52. The court can enjoin the award of a contract (an available option if the contract *has not already* been awarded), in which case the procuring body can either let the contract to the bidder who successfully challenged the initial award decision, or it can call for new bids on the procurement. *Id.*

¶ 21. In short, the court could not have ordered the state agency to award the contract to a particular party; furthermore, Prism, in order to preserve a possible judgment in its favor, was required to ask the court for injunctive relief before the agency's awarding of the contract. *See id.*

¶ 22. We next address the damages issue, which is intertwined with the above dispositive procedural issue. In the recent decision *D.M.K.*, we concluded that the supreme court's decision in *Aqua-Tech* regarding a disappointed bidder's available remedies is not dicta. *See D.M.K.*, 290 Wis. 2d 474, ¶ 25. In *Aqua-Tech*, the circuit court denied Aqua-Tech's application for a temporary injunction in a bidding dispute. *Aqua-Tech*, 71 Wis. 2d at 548. After determining that the circuit court was incorrect in doing so, the supreme court addressed

Aqua-Tech's standing and the available remedies. *Id.* at 548–54. The court rejected mandamus as an available remedy, but concluded that Aqua-Tech could seek to enjoin the district from awarding the project to another bidder. *Id.* at 552. If Aqua-Tech prevailed in its pursuit of an injunction, it could recover as damages "its reasonable and necessary expenditures in preparing its bid, plus the costs of obtaining the bonds required by the specifications, but not its loss of profit." *Id.* at 553–54.

¶ 23. In *D.M.K.*, we pointed out that the supreme court's conclusions in *Aqua-Tech* regarding an injunction as a remedy, along with the unavailability of lost profits as damages, reflect a consideration of the public policy rationale underlying the competitive bidding statutes. *See D.M.K.*, 290 Wis. 2d 474, ¶ 26. The competitive bidding statutes are designed primarily for the benefit and protection of the public, not individual bidders. *Aqua-Tech*, 71 Wis. 2d at 552. By not seeking an injunction, Prism has allowed the disputed project to go forward with another contractor and sought to recover its purported losses with a lawsuit seeking damages. *See D.M.K.*, 290 Wis. 2d 474, ¶ 26. If Prism were successful in that scenario, the state and its taxpayers would pay Prism's lost profits in addition to the contract price paid to the contractor who performed the work. *See id.* This result fails to benefit or protect the public. *Id.* Only if Prism had successfully obtained an injunction, would it be entitled to limited damages, not including lost profits. *See id.*, ¶ 27. It did not; it is not.

*By the Court.*—Orders affirmed.