PALMER, Administrator, Respondent, vs. O'ROURKE, Appellant.

*January 9—January 29, 1907.*

*Executors and administrators: Title to personal estate: Right to assets: Possession by heir: Trover and conversion: Pleading: Complaint: Demurrer: Limitation of actions: Death of party entitled to sue: Suspension pending appointment of administrator.*

1. Upon the death of any person possessed of personal estate the legal title thereto and right to possession thereof vests in his personal representative and can only reach the heirs, ultimately entitled thereto, by due course of administration.

2. In the absence of some sufficient equity in favor of an heir who has possessed himself of personalty of a decedent, the mere fact of his having an equitable interest therein as such heir does not deprive the personal representative, duly appointed to administer the estate of which such personalty forms the whole or a part, of an absolute right to recover the value thereof from such heir in case he has converted the same to his own use.

3. In an action to recover money claimed to have been converted, the complaint alleged that plaintiff's intestate instructed defendant to carry a sum of the intestate's money to a bank and deposit it in the bank to her account; that the defendant deposited it in the names of "M. O. or H. J. O.," the decedent and defendant, respectively; that defendant was an heir of decedent; and that the defendant thereafter, without authority and by falsely representing to the contrary, withdrew such deposit, part in the lifetime of decedent and part after her death. *Held,* that the complaint stated a cause of action although it showed that defendant was entitled, as heir, to receive one half the residue of the estate of decedent left after the payment of all claims allowed against the estate and the expenses of administration.

4. In such case the reasonable inference from such allegation was that the money was deposited either in the name of decedent, or in the name of defendant as the money of the decedent.

5. So construed such complaint is *held* not to show any wrongful conversion by defendant at the time the deposit was made.

6. In an action against an heir for conversion of money deposited in a bank, the complaint alleged that defendant wrongfully withdrew from the bank and converted to his own use part of the money within one year before decedent's death, and that the balance of the deposit was so withdrawn and converted six days after her death, both conversions occurring more than seven years and less than eight years before an administrator was appointed. *Held:*

(1) As to the first withdrawal and conversion the right of the administrator to recover was barred by sec. 4222, Stats. 1898.

(2) The limitation of sec. 4222, Stats. 1898, was not extended under sec. 4234 by the death of decedent, since the death did not occur during the last of the six years after the right of action accrued.

(3) As to the withdrawal and conversion after the death of decedent (there being no person in existence competent to bring an action on account thereof until plaintiff was appointed administrator nearly eight years after decedent's death), the cause of action was not barred, the situation being governed by sec. 4251 (providing that there being no person in existence who is authorized to bring an action thereon at the time a cause of action accrues shall not extend the time within which, according to the provisions of ch. 177, Stats. 1898, an action can be commenced upon such cause of action to more than double the period otherwise prescribed by law).

APPEAL from an order of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

Action to recover money alleged to have been converted by defendant to his own use.

The complaint was to this effect: The plaintiff is the administrator of the estate of Mary O'Rourke and brings this action as such. October 1, 1897, she died intestate in said county of Rock, where plaintiff, December 16, 1904, was duly appointed administrator as aforesaid. October 9, 1894, there was awarded to her $1,923.30 by the county court of said county as her share of the estate of her son, of which defend-

ant was administrator, and on or about said day she received
$1,500 thereof and intrusted the same to the defendant to de-
posit for her in the Merchants' & Mechanics' Savings Bank
of Janesville, Rock county, Wisconsin. He caused the same
to be deposited in said bank in the name of Mary O'Rourke,
or *Henry J. O'Rourke.* The fund drew interest from the
time it was so deposited, which interest was added to the prin-
cipal till the whole amount was $1,634. March 27, 1897, de-
fendant withdrew from the bank $99.87 thereof without au-
thority by falsely representing to the contrary, and October
7, 1897, six days after the decease of Mary O'Rourke, he like-
wise withdrew $1,534.13, the balance of said fund. By rea-
son of the premises, at the time of the first withdrawal he
wrongfully converted to his own use $99.87, and at the time
of the second withdrawal he likewise converted $1,534.13, all
of which was duly demanded of him by the plaintiff before
the commencement of this action and was by him refused.

The defendant demurred to the complaint for insufficiency
and because the action was not commenced within the time
limited by law, particularly within the time limited by secs.
4222, 4234, Stats. 1898. The demurrer was overruled.

*J. J. Cunningham,* for the appellant.

*John Cunningham,* for the respondent.

MARSHALL, J. According to the facts alleged in respond-
ent's complaint there is no room for reasonable controversy
but that the right to the property in question vested in re-
spondent as administrator of the estate of Mary O'Rourke im-
mediately upon his becoming such administrator. Upon the
death of any person possessed of personal estate the legal title
thereto and the right to possession thereof vests in his per-
sonal representative and can only reach the heirs, ultimately
entitled thereto, by due course of administration. Therefore
in the absence of some sufficient equity in favor of an heir
who may have possessed himself of such personalty, the mere

fact of his having an equitable interest therein as such not being one, the administrator duly appointed to take charge of and administer the estate of which such personalty forms the whole or a part, has an absolute right to recover the value thereof from such heir in case of his having converted the same to his own use. That is so elementary that it need but to be stated, and is a sufficient answer to the argument of counsel for appellant that the complaint fails to state a cause of action because it shows that appellant is entitled as heir to receive one half the residue of the estate of Mary O'Rourke left after the payment of all claims allowed against the estate and the expenses of administration.

The main contention of counsel for appellant is that respondent's claim is barred by secs. 4222, 4234, Stats. 1898. As a basis for applying such sections to the pleading it is claimed that the complaint shows that appellant converted the property in question to his own use when he made the deposit in the bank October 9, 1894. The allegations on that subject are to the effect that appellant was instructed by Mary O'Rourke to deposit the money in the bank for her and that he deposited the same there in the name of "Mary O'Rourke, or *Henry J. O'Rourke,*" and that he was permitted by the bank to withdraw the deposit in two amounts by falsely representing to the officers of the bank that he was authorized to do so. The reasonable inference from such allegations is that the money was either deposited in the name of Mary O'Rourke or in the name of *Henry J. O'Rourke* as the money of the former. Unless the deposit was so made no pretense to the officers of the bank of authority from Mary O'Rourke to so draw the money would have been required. So construing the complaint in the light of such reasonable inference, as we are bound to do (*Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921), it does not show any wrongful conversion by appellant at the time the deposit was made, and it is perfectly clear, we may safely say, that the pleader did not intend to charge a conversion as having occurred at that time.

It is distinctly alleged in the complaint that $99.87 of Mary O'Rourke's money was by the defendant wrongfully obtained from the bank within one year before her death and converted to his own use, and that the balance of the deposit was so obtained and converted six days after her death, both conversions occurring more than seven years and less than eight years before the administrator was appointed. As to the first of such wrongful acts the right to recover is clearly barred by sec. 4222 of the statutes pleaded. That section limits the time for the commencement of an action to recover damages for the wrongful detention of personal property to six years after the right of action has accrued. The death of the person to whom the right of action accrues does not extend such time unless such death occurs during the last of the six years. In such circumstances sec. 4234, Stats. 1898, provides that "if a person entitled to bring an action die before the expiration of the time limited for the commencement thereof and the cause of action survive an action.may be commenced by his representatives after the expiration of that time and within one year from his death." *Curran v. Witter,* 68 Wis. 16, 31 N. W. 705, limited such section to cases where the death of a person occurs during the last year of his right to commence the action. So it will be seen it does not apply here.

As to the act of conversion alleged to have occurred after the death of Mary O'Rourke the sections of the statute relied on by appellant do not apply. There was no person in existence competent to bring an action on account of such conversion till the administrator was appointed in 1904. That situation is governed by sec. 4251, Stats. 1898, providing that "there being no person in existence who is authorized to bring an action thereon at the time a cause of action accrues shall not extend the time within which, according to the provisions of this chapter, an action can be commenced upon such cause of action to more than double the period otherwise prescribed by law." The complaint unmistakably shows that this action

was commenced within the double time mentioned. There being no other question that need be considered, the demurrer was properly overruled.

*By the Court.*—The order appealed from is affirmed.