Julie Ann WALBERG, as Special Administrator for the Estate of Lucille Genevieve Yox, Deceased, Plaintiff-Appellant,

v.

ST. FRANCIS HOME, INC. and Catholic Charities Bureau, Inc., Defendants-Respondents.†

Court of Appeals

*No. 03–2164. Submitted on briefs April 20, 2004.—Decided May 4, 2004.*

2004 WI App 120

(Also reported in 683 N.W.2d 518.)

---

† Petition to review granted 9-16-04.

---

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Keith J. Peterson* of Superior, and *David L. Weidt* of Duluth, MN.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Kenneth A. Knudson* and *Tony Breidenbach* of *Knudson, Gee & Torvinen, S.C.* of Superior.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Julie Ann Walberg, as special administrator for the Estate of Lucille Genevieve Yox, appeals an order dismissing her negligence and breach of contract claims against St. Francis Home, Inc., and Catholic Charities Bureau, Inc. Walberg argues the trial court erred by concluding Yox's claims were time-barred under WIS. STAT. § 893.22.[1] We agree and therefore the order dismissing the claims is reversed.

## BACKGROUND

¶ 2. The necessary facts are undisputed. Between March 29, 1994, and December 3, 1996, Yox was a resident of St. Francis Home. At all material times and until her death on August 15, 2000, Yox suffered from Alzheimer's disease. All parties agree this constitutes a "mental illness" for purposes of WIS. STAT. § 893.16, the "person under disability" statute of limitations. *See Storm v. Legion Ins. Co.*, 2003 WI 120, ¶ 46, 265 Wis. 2d 169, 665 N.W.2d 353 ("[A] 'mental illness' [under

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

§ 893.16(1)] is a mental condition that renders a person functionally unable to understand or appreciate the situation giving rise to the legal claim so that the person can assert legal rights or functionally unable to understand legal rights and appreciate the need to assert them.").

¶ 3. On August 12, 2002, Walberg was appointed special administrator for Yox's estate and, on that date, she commenced an action against St. Francis and Catholic Charities claiming negligence for personal injuries Yox sustained while at St. Francis and breach of contract for St. Francis' substandard care during Yox's time at the facility.[2] St. Francis asserted, among other defenses, that the action was time-barred and later filed a motion to dismiss.

¶ 4. The trial court granted the motion, concluding the relevant statute of limitations was not two years from Yox's death under WIS. STAT. § 893.16 as Walberg advanced, but instead was one year from Yox's death under WIS. STAT. § 893.22. Thus, the court concluded her August 2002 action was time-barred. Walberg appeals.

## DISCUSSION

¶ 5. We review a motion to dismiss de novo. *Turkow v. DNR*, 216 Wis. 2d 273, 280, 576 N.W.2d 288 (Ct. App. 1998). We accept all alleged facts and reason-

---

[2] The complaint alleges St. Francis did not provide an adequate level of care between March 29, 1994, and December 3, 1996, and that such failure forms a basis for negligence and breach of contract claims. All parties seem to agree that these claims would have accrued on December 3, 1996, absent Yox's mental illness.

able inferences as true, but draw all legal conclusions independently. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311–12, 529 N.W.2d 245 (Ct. App. 1995). Further, statutory interpretation is a question of law we review de novo. *German v. DOT*, 2000 WI 62, ¶ 7, 235 Wis. 2d 576, 612 N.W.2d 50. The goal of statutory interpretation is to discern the legislature's intent. *State v. Byers*, 2003 WI 86, ¶ 13, 263 Wis. 2d 113, 665 N.W.2d 729.

¶ 6. Walberg argues the trial court erred by concluding the one-year statute of limitations under Wɪs. Sᴛᴀᴛ. § 893.22 applied to bar the action. Section 893.22 states in part:

> **Limitation in case of death.** If a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, an action may be commenced by the person's representatives after the expiration of that time and within one year from the person's death.

The trial court concluded that, upon a person's death, this statute automatically shortened the period of limitations for any of that person's existing claims to one year, causing the estate's action to be time-barred. We disagree.

¶ 7. In *Curran v. Witter*, 68 Wis. 16, 22, 31 N.W. 705 (1887), the supreme court interpreted the predecessor[3] to Wɪs. Sᴛᴀᴛ. § 893.22 and held, "It is obvious that this provision only reaches a case where the person

---

[3] Aside from immaterial grammatical and syntactical changes, the statute the supreme court interpreted, Rᴇᴠɪsᴇᴅ Sᴛᴀᴛ. § 4222, is identical to Wɪs. Sᴛᴀᴛ. § 893.22. Rᴇᴠɪsᴇᴅ Sᴛᴀᴛ. § 4222 stated:

entitled to bring the action dies during the last year of the term of limitation." That is, § 893.22 applies only when a person dies with an existing claim that has less than one year remaining on the period of limitations. In that case, the period of limitations is extended up to one year, which begins to run upon the person's death. Thus, in situations where a cause of action has more than one year remaining under its statute of limitations, § 893.22 simply does not apply.[4]

if a person entitled to bring action die[s] before the expiration of the time limited for the commencement thereof, and the cause of action survive[s], an action may be commenced by his representatives after the expiration of that time, and within one year from his death.

[4] St. Francis contends *Curran v. Witter*, 68 Wis. 16, 31 N.W. 705 (1887), should not apply, arguing that nothing in the language of the statute then interpreted, or at issue here, requires what *Curran* held. We have two responses to this argument. First, we are bound by supreme court precedent, even if it is over a century old. *Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). Second, *Cook* notwithstanding, we would not be persuaded by St. Francis's argument. Looking at the language of the current statute, Wis. Stat. § 893.22, there are three threshold requirements that must be met: (1) that a person dies, (2) before the expiration of the time limited for the commencement of an action, and (3) the cause of action survives the person's death.

Supposing these requirements are met, the statute states the action can then be commenced only when two criteria are satisfied: (1) whatever time remaining under the action's statute of limitations passes, *and* (2) the action is commenced within one year. The "obvious[ness]" of *Curran*'s holding lies in the interplay of these two criteria: if the action must be commenced within one year *and* the remaining time under the action's statute of limitations must have passed, then it necessarily follows that the remaining time under the action's statute of limitations must be less than one year. *Curran*'s holding does

¶ 8. Here, WIS. STAT. § 893.22 does not apply because Yox's claims could not have had less than one year remaining on their periods of limitations. It is undisputed that Yox suffered from a mental illness at the time her claims accrued and, therefore, WIS. STAT. § 893.16 tolled her claims' periods of limitations. Section 893.16 states in relevant part:

> **Person under disability. (1)** If a person entitled to bring an action is, at the time the cause of action accrues ... mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.
>
> **(2)** Subsection (1) does not shorten a period of limitation otherwise prescribed.

A plain reading of this statute reveals it operates differently in situations where the person's mental disability does or does not cease. However, we need not decide whether Yox's death constitutes a cessation of her disability because in either situation the claims are timely.

¶ 9. When a person's mental disability does not cease, WIS. STAT. § 893.16(1) provides that the underlying period of limitations remains tolled, but cannot be extended for more than five years. Thus, a disabled person has up to eleven years to commence a contract action and up to eight years to commence a negligence action for injury to the person. *See* WIS. STAT. § 893.43 (six-year statute of limitations for contract action); WIS.

---

not add a gloss to what is now § 893.22, but only clarifies the peculiar wording of the statute and, once clarified, the holding is indeed obvious.

STAT. § 893.54 (three-year statute of limitations for injury to the person); *see also Storm*, 265 Wis. 2d 169, ¶ 24.

¶ 10. As already noted, the parties seem to agree the claims accrued on December 3, 1996. Applying Wis. STAT. § 893.16, if Yox's death did not cause her disability to cease, as St. Francis contends,[5] Walberg had until December 3, 2007, to bring the contract action and until December 3, 2004, to bring the negligence action. *See Pufahl v. Williams*, 179 Wis. 2d 104, 107, 506 N.W.2d 747 (1993) (day upon which a cause of action accrues is not included in computing the period of limitation). Thus, in this scenario, as of Yox's death on August 15, 2000, neither claim could have been in the final year of

---

[5] While it may seem peculiar that St. Francis would make this argument, given that it enlarges the time Walberg had to commence the action, it made the argument assuming Wis. STAT. § 893.22 barred Walberg's claims.

In any event, St. Francis looks to other provisions in the limitations chapter to support its argument and points out that Wis. STAT. § 893.17(2m) explicitly distinguishes death from cessation of disability. That section states:

> An action under sub. (2) may be commenced or entry or defense made, after the time limited and within 5 years *after the disability ceases or the person entitled dies, if the person dies while under the disability,* but the action shall not be commenced or entry or defense made after that period. (Emphasis added.)

Thus, St. Francis argues "it is clear that death was not contemplated as a way to cease a disability under Wis. STAT. § 893.16(1). Conversely, if the legislature intended death to equal the cessation of a disability, then it would not have had to insert the 'or the person entitled dies' language after 'disability ceases' [in § 893.17(2m)]."

the limitations period. Therefore, WIS. STAT. § 893.22 does not apply, and the claims commenced on August 12, 2002, are timely.

¶ 11. When the person's mental disability ceases, the person must commence the action within two years after cessation of the disability. However, there are two caveats: (1) the underlying period of limitations still cannot be extended more than five years, *see* WIS. STAT. § 893.16(1), and (2) the underlying period of limitations cannot be shortened, *see* § 893.16(2).

¶ 12. If Yox's death on August 15, 2000, caused her disability to cease, as Walberg contends,[6] Walberg had until August 15, 2002, to commence the negligence claim, since neither of WIS. STAT. § 893.16's caveats would be violated. However, as to the contract claim, Walberg was not required to commence the claim by August 15, 2002, because such a requirement would shorten the underlying six-year contract statute of limitations by just over three-and-a-half months. Section 893.16(2) prohibits this result. Hence, Walberg

---

[6] To support her claim that death constitutes a cessation of disability, Walberg appeals to common sense, noting that if death does not cause the disability to cease, then, peculiarly, a person's disability somehow survives the person's death. Walberg also directs us to 54 C.J.S. *Limitations of Actions* § 119 (1987), and the cases cited therein, which indicates death indeed correlates with cessation of a disability. That section states:

> Under a saving clause in favor of minors or insane persons, suspending the operation of the statute of limitations or granting a special time within which suits may be brought after the removal of the disability, *it has been held that the death of the person under disability is a removal of the disability within the meaning of the statute,* and hence that his or her heirs or personal representatives must bring suit within the period limited after the ancestor's death. (Emphasis added; footnotes omitted.)

retained the full six-year contract statute of limitations and, therefore, had until December 3, 2002, to commence the contract action. Thus, in this scenario as well, neither of Walberg's claims was in the final year of their limitations period. Therefore, WIS. STAT. § 893.22 does not apply, and the claims commenced on August 12, 2002, are still timely.

¶ 13. Consequently, we need not decide whether death constitutes a cessation of Yox's disability for purposes of WIS. STAT. § 893.16(1). Regardless of whether it does, the claims were timely commenced, and WIS. STAT. § 893.22 cannot apply. The order dismissing Walberg's claims is reversed.

*By the Court.*—Order reversed and cause remanded with directions.