Julie Ann WALBERG, as Special Administrator for the Estate of Lucille Genevieve Yox, Deceased, Plaintiff-Appellant,

v.

ST. FRANCIS HOME, INC. and Catholic Charities Bureau, Inc., Defendants-Respondents-Petitioners.

Supreme Court

*No. 2003AP2164. Oral argument March 1, 2005. —Decided June 2, 2005.*

2005 WI 64

(Also reported in 697 N.W.2d 36.)

For the defendants-respondents-petitioners there were briefs by *Kenneth A. Knudson, Kristin M. Watson* and *Knudson, Gee & Torvinen, S.C.,* Superior, and oral argument by *Kenneth A. Knudson.*

For the plaintiff-appellant there was a brief by *Keith J. Peterson,* Superior and *David L. Weidt,* Duluth, MN, and oral argument by *David L. Weidt.*

An amicus curiae brief was filed by *Robert L. Jaskulski* and *Habush, Habush & Rottier,* Milwaukee; *William C. Gleisner, III,* and *Law Offices of William Gleisner,* Milwaukee; and *Jason T. Studinski* and *Kammer & Studinski,* Portage, on behalf of the Wisconsin Academy of Trial Lawyers, and there was oral argument by *William C. Gleisner, III.*

¶ 1. ANN WALSH BRADLEY, J.   The petitioners, St. Francis Home, Inc. and Catholic Charities Bureau, Inc., seek review of a decision of the court of appeals reversing a circuit court order that had dismissed Julie Ann Walberg's negligence and breach of contract claims

against them.[1] The petitioners contend that the claims were time-barred under Wis. Stat. § 893.22.[2] We determine, however, that Wis. Stat. § 893.22 is a saving statute that is not applicable to the facts of this case. Because we conclude that Wis. Stat. § 893.16 is the relevant statute for calculating the limitations at issue and that the claims were timely commenced, we affirm the decision of the court of appeals.

## I

¶ 2.   The essential facts are brief and undisputed. Between March 29, 1994, and December 3, 1996, the decedent, Lucille Genevieve Yox, was a resident of St. Francis Home in Douglas County, Wisconsin. At all material times and until her death on August 15, 2000, Yox suffered from Alzheimer's disease. The parties agree that Alzheimer's disease constituted a "mental illness" for the purposes of Wis. Stat. § 893.16.[3]

¶ 3.   On August 12, 2002, Julie Ann Walberg was appointed special administrator for Yox's estate. That same day, Walberg commenced an action for negligence and breach of contract against St. Francis Home, Inc. and Catholic Charities Bureau, Inc. (hereinafter collectively referred to as "St. Francis"). The claims con-

[1] *Walberg v. St. Francis Home, Inc.*, 2004 WI App 120, 274 Wis. 2d 414, 683 N.W.2d 518 (reversing an order of the circuit court for Douglas County, George L. Glonek, Judge).

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[3] We also agree with this conclusion. *See Storm v. Legion Ins. Co.*, 2003 WI 120, ¶ 46, 265 Wis. 2d 169, 665 N.W.2d 353 ("[A] 'mental illness' [under § 893.16(1)] is a mental condition that renders a person functionally unable to understand legal rights and appreciate the need to assert them.").

cerned allegations related to Yox's care at St. Francis Home. The parties agree that such claims would have accrued on December 3, 1996.

¶ 4. Among other defenses, St. Francis asserted that the action was time-barred due to Wis. Stat. § 893.22. It then filed a corresponding motion to dismiss. The circuit court granted the motion, concluding that the relevant statute of limitations was not two years from Yox's death under Wis. Stat. § 893.16, but rather one year from Yox's death under Wis. Stat. § 893.22. Walberg appealed.

¶ 5. The court of appeals reversed the order of the circuit court. Relying on *Curran v. Witter,* 68 Wis. 16, 31 N.W. 705 (1887), it determined that Wis. Stat. § 893.22 applied only to cases where a person dies with an existing claim that has less than one year remaining on the period of limitation. *Walberg v. St. Francis Home, Inc.,* 2004 WI App 120, ¶ 7, 274 Wis. 2d 414, 683 N.W.2d 518. Accordingly, it concluded that Wis. Stat. § 893.16 was the applicable statute for calculating the period of limitation and that Walberg's claims were timely commenced. St. Francis petitioned this court for review.

II

¶ 6. This case arises in the context of a motion to dismiss. When reviewing such a matter, we accept alleged facts and reasonable inferences as true, but draw all legal conclusions independently. *Tri City Nat'l Bank v. Federal Ins. Co.,* 2004 WI App 12, ¶ 6, 268 Wis. 2d 785, 674 N.W.2d 617 (citing *Town of Eagle v. Christensen,* 191 Wis. 2d 301, 311–12, 529 N.W.2d 245 (Ct. App. 1995)).

103

¶ 7. The sole issue for our review is how to compute the statute of limitations for a disabled person's claim when that person dies. Our inquiry focuses on two statutes: Wis. Stat. §§ 893.22 and 893.16. Interpretation of statutes presents questions of law subject to independent appellate review. *Vill. of Lannon v. Wood-Land Contractors, Inc.*, 2003 WI 150, ¶ 12, 267 Wis. 2d 158, 672 N.W.2d 275 (citing *Meyer v. School Dist. of Colby*, 226 Wis. 2d 704, 708, 595 N.W.2d 339 (1999)).

## III

¶ 8. We begin our discussion by examining Wis. Stat. § 893.22. It provides in relevant part:

> *Limitation in case of death.* If a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, an action may be commenced by the person's representatives after the expiration of that time and within one year from the person's death.

¶ 9. St. Francis maintains that Wis. Stat. § 893.22 is a statute of limitations that governs actions brought by an estate after the injured party's death. Applying this interpretation to the present case, it contends that the statute automatically shortened the period of limitation for Yox's existing claims to one year, causing Walberg's claims to be time-barred. Because the death occurred on August 15, 2000, St. Francis asserts that the action must have been commenced within one year of that date.

¶ 10. Walberg, meanwhile, advances that Wis. Stat. § 893.22 extends, rather than restricts, the time period for commencing an action of a deceased claim-

ant. She notes that the statute grants the claimant's representatives the power to bring an action after the time limit for commencement of the action. Furthermore, Walberg argues that it is unnecessary to grant the power to commence an action during the time limited for commencement of the action, for that power is already granted by the underlying statute of limitations.[4]

¶ 11. In *Curran v. Witter,* 68 Wis. 16, this court examined Section 4234 of the Revised Statutes of Wisconsin (1878), the predecessor of Wis. Stat. § 893.22.[5] The matter arose in the context of a banking dispute. James Curran had deposited $540 with Witter's Bank on October 6, 1869. Curran died intestate in 1872, and an administrator was named for his estate in 1885. The administrator subsequently brought suit against the bank, seeking to recover the $540. The bank maintained that Curran had already withdrawn the $540. Additionally, it asserted a statute of limitations defense.

---

[4] In addition, Walberg notes that other states have similar statutes modifying the deadlines for filing an action in the event of the death of a party. *See, e.g.,* 735 Ill. Comp. Stat. 5/13–209 (2004); Iowa Code § 614.9 (2004); Mich. Comp. Laws Ann. § 600.5852 (2004); Minn. Stat. § 541.16 (2005). According to Walberg, these statutes serve the same function of extending, not restricting, the time for the representatives of a decedent to bring an action should a claimant die within a short time before the expiration of the claim.

[5] The text of Section 4234 is virtually identical to Wis. Stat. § 893.22. Section 4234 provides in relevant part:

> If a person to bring an action, die[s] before the expiration of the time limited for the commencement thereof, and the cause of action survive[s], an action may be commenced by his representatives after the expiration of that time, and within one year from his death.

Wis. Rev. Stat. § 4234 (1878).

105

¶ 12. Ultimately, the *Curran* court determined the statute of limitations defense to be dispositive, concluding that the claim was barred on and after October 7, 1875. 68 Wis. at 22. In doing so, it examined Section 4234 and noted, "[i]t is obvious that this provision only reaches a case where the person entitled to bring the action dies during the last year of the term of limitation." *Id.* Because Curran died more than one year before the statute ran against the claim, the court held that Section 4234 had no application to the action. *Id.*

¶ 13. This court reaffirmed the *Curran* court's interpretation of Section 4234 in *Palmer v. O'Rourke,* 130 Wis. 507, 110 N.W. 389 (1907), a case involving an alleged conversion. The *Palmer* court drew upon *Curran* in rejecting the application of Section 4234 to its case. *Palmer,* 130 Wis. at 511. It stated in relevant part:

> The death of the person to whom the right of action accrues does not extend such time unless such death occurs during the last of the six years. In such circumstances sec. 4234, Stats. 1898, provides that "if a person entitled to bring an action die before the expiration of the time limited for the commencement thereof and the cause of action survive an action may be commenced by his representatives after the expiration of that time and within one year from his death." *Curran v. Witter,* 68 Wis. 16, 31 N.W. 705, limited such section to cases where the death of a person occurs during the last year of his right to commence the action. So it will be seen it does not apply here.

*Id.*

¶ 14. Additional support for the *Curran* court interpretation is found in the annotated text of Wis. Stat. § 4234 (1889). That text contains a specific reference to Massachusetts Pub. Stats. Ch. 197, Sec. 12, and

106

the case of *Converse v. Johnson,* 14 N.E. 925 (Mass. 1888). The Massachusetts statute is reproduced in the note and is very similar to § 4234, except that it permits a decedent's representatives two years after the granting of testamentary letters to commence an action and also contains a 30–day provision not found in § 4234. The *Converse* case describes the purpose of the Massachusetts statute as follows:

> Pub.St. c. 197, § 12 cannot well be construed to mean that in every case the executor or administrator of a deceased person who was entitled to bring an action must bring the action within two years after the grant of letters testamentary or of administration. *The section was not intended to further limit the bringing of actions, but to extend the time within which they could be brought, when the person entitled to bring them died before the expiration of the time .... It was not intended by this section that the debtor should have a defense to which he was not otherwise entitled ....*

14 N.E. at 927.

¶ 15.    Although St. Francis questions the soundness of the *Curran* court's interpretation, we do not. Examining the language of Wis. Stat. § 893.22, three preconditions are specified:   (1) a person dies; (2) before the expiration of the time limited for the commencement of an action; and (3) the cause of action survives the person's death. If these are met, then the statute allows for commencement of an action by the person's representatives only when two further criteria are satisfied:   the action is commenced within one year of the person's death and whatever time remaining under the applicable statute of limitations passes.

¶ 16.    As the court of appeals cogently explained in its decision below, *Curran*'s interpretation lies in the interplay of these last two criteria. The "obvious" con-

107

clusion is that the statute applies only to those actions where the time remaining under the statute of limitations is less than one year:

> [I]f the action must be commenced within one year *and* the remaining time under the action's statute of limitations must have passed, then it necessarily follows that the remaining time under the action's statute of limitations must be less than one year. *Curran's* holding does not add a gloss to what is now § 893.22, but only clarifies the peculiar wording of the statute and, once clarified, the holding is indeed obvious.

*Walberg,* 274 Wis. 2d 414, ¶ 7 n. 4.

¶ 17.   A hypothetical example further illustrates why Wis. Stat. § 893.22 cannot apply to claims with more than one year remaining on their statutes of limitations. Suppose, for instance, a claimholder died with two years remaining on the statute of limitations. If Wis. Stat. § 893.22 applied, it would allow a claim to be asserted after the expiration of the remaining two years on the statute of limitations *and* within one year from the person's death. Such a reading, of course, renders the statute internally inconsistent.

■

¶ 18.   Accordingly, we are satisfied that Wis. Stat. § 893.22 applies only when a person dies with an existing claim that has less than one year remaining on the period of limitation. We therefore determine that Wis. Stat. § 893.22 acts as a saving statute, not a statute of limitations. It provides an opportunity for the representatives of any deceased person to evaluate the potential claims and complete the procedures necessary to commence an action within a period of one year following the death of the potential claimant.

¶ 19.   In the present case, Wis. Stat. § 893.22 does not apply because Yox's claims could not have had less

than one year remaining on their periods of limitation. We reach this conclusion by examining the other statute in dispute, Wis. Stat. § 893.16. It provides in relevant part:

> Person under disability. (1) If a person entitled to bring an action is, at the time the cause of action accrues . . . mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period prescribed in this chapter may not be extended for more than 5 years.
>
> (2) Subsection (1) does not shorten a period of limitation otherwise prescribed.

¶ 20. A review of the language of Wis. Stat. § 893.16 makes evident that the statute operates differently based upon whether the person's mental disability does or does not cease. If a person's mental disability ceases, the action must be commenced within two years. Wis. Stat. § 893.16(1). However, if a person's mental disability does not cease, the period is extended for up to five years. *Id.* In either event, the underlying period of limitation is not shortened. Wis. Stat. § 893.16(2).

¶ 21. Here, the parties dispute whether Yox's death caused her disability to cease for purposes of Wis. Stat. § 893.16.[6] We are persuaded that death constitutes a cessation of disability for two reasons. First, to

_____

[6] Interestingly, it is St. Francis's contention that Yox's disability did not cease when she died. This position, of course, would extend the time in which Walberg had to commence the action under Wis. Stat. § 893.16 up to five years. Apparently, St. Francis advanced this argument in the hope that we would accept its position that Wis. Stat. § 893.16 tolls only the statute

suggest that disability somehow survives a person's death would belie common sense.

¶ 22.    Second, precedent from other jurisdictions supports the conclusion that death terminates a legal disability. *In re Estate of Hoenig,* 298 N.W. 887 (Iowa 1941) (disability on account of minority terminated by minor's death); *Fletcher v. Holcomb,* 45 P.2d 1053 (Kan. 1935) (incompetent's disability removed by his death); *Univ. of New Mexico v. Armijo,* 704 P.2d 428, 430 (N.M. 1985) (citing *Roberson v. Teel,* 513 P.2d 977 (Ariz. App. 1973) (tolling of statute of limitations ends upon death of incompetent)); *Martin v. Goodman,* 258 P. 871 (Okla. 1927) (disability of minor to sue terminates at death of minor)). *See also Barnes v. County of Onondaga,* 481 N.Y.S.2d 539, 545 (1984), *aff'd,* 481 N.E.2d 245 (1985) ("toll of infancy would not benefit plaintiff since the infancy disability was removed by [infant's] death on the date of the accident").

■

¶ 23.    We therefore determine that Yox's disability ceased on August 15, 2000, the date of her death. As indicated above, when a person's mental disability ceases, the action must be commenced within two years. Wis. Stat. § 893.16(1). However, this rule is not without its qualifications. To begin, the underlying period of limitation still cannot be extended more than five years. Wis. Stat. § 893.16(1). Moreover, the underlying period of limitation cannot be shortened. Wis. Stat. § 893.16(2).

¶ 24.    In this case, Yox's claims were for negligence and breach of contract. The parties agree that both

---

of limitations for living persons with disabilities, while Wis. Stat. § 893.22 applies to the deceased. We, of course, do not. As noted above, Wis. Stat. § 893.22 is inapplicable to the case at hand.

causes of action accrued on December 3, 1996. Under Wis. Stat. § 893.54, she had three years to bring her negligence action. Pursuant to Wis. Stat. 893.43, she had six years to bring her contract action. Had Yox not died, her underlying periods of limitation would have extended for up to five years pursuant to Wis. Stat. § 893.16(1). She therefore would have had until December 3, 2004, to bring the negligence action and until December 3, 2007, to bring the contract action. Under either calculation Wis. Stat. § 893.22 cannot apply, for the claims were not in the final year of their limitation period as of August 15, 2000, the date of Yox's death.

■

¶ 25. Because death ceased the disability on August 15, 2000, pursuant to § 893.16(1), Walberg had until August 15, 2002, to commence the negligence action on behalf of Yox. However, as to the contract cause of action, she was not required to commence the action by August 15, 2002. This is because § 893.16(2) provides that the underlying period of limitation cannot be shortened. Because the cause of action accrued on December 3, 1996, the underlying six-year period of limitation extended until December 2002. Thus, because Walberg brought suit August 12, 2002, we conclude that both claims were timely commenced.

¶ 26. In sum, we determine that Wis. Stat. § 893.22 is a saving statute that is not applicable to the facts of this case. Because we conclude that Wis. Stat. § 893.16 is the relevant statute for calculating the limitations at issue and that the claims were timely commenced, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.