NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2016[*]
Decided March 15, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-1808

| | |
|---|---|
| EDWARD MAX LEWIS,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | 14-cv-446-wmc |
| LEON STENZ, et al.,<br>    *Defendants-Appellees.* | William M. Conley,<br>*Chief Judge.* |

**O R D E R**

Edward Lewis was arrested in October 2003 and for several months was detained pending trial at the Forest County Jail in Crandon, Wisconsin. Lewis has been formally diagnosed with epilepsy and mental illness, and in this lawsuit, filed in June 2014, he alleges that he suffered from these same conditions during his stint at the jail but did not

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* Fed. R. App. P. 34(a)(2)(C).

receive proper medical care. Instead, says Lewis, he was placed in segregation without a blanket or clothing and was made to shower in cold water. His physical and mental needs were not accommodated, continues Lewis, and on one occasion he hit his head during an epileptic seizure. He also was subjected to excessive force by jail guards.

Lewis claims that the defendants, mostly persons having a direct role in the conditions of his confinement at the jail, violated his rights under the Fourteenth Amendment and Title II of the Americans with Disabilities Act, *see* 42 U.S.C. § 12132. (The list of named defendants includes the district attorney, whose office prosecuted Lewis in 2003, as well as the current district attorney and other county officials who were not employed at the time of Lewis's detention. As the district court recognized, Lewis's claim that the former district attorney (and the current office holder) violated his rights during the criminal case is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). And the defendants who were not employed by Forest County when Lewis was detained could not have been personally involved in the underlying events. All of these defendants were properly dismissed, and we don't mention them further.) The district court screened Lewis's complaint under 28 U.S.C. § 1915A, but did not examine whether he states a claim against the defendants involved in his pretrial detention. Rather, the court concluded that Lewis's claims are time barred. We reject this conclusion as premature. The application of a statute of limitations is an affirmative defense. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). Only when the outcome is uncontestable should a district court apply a statute of limitations to dismiss a lawsuit before the defendants have been served with process. *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012); *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005). And rather than pleading himself out of court, Lewis recounts facts making it possible that he is entitled to tolling because of mental illness.

Claims arising under 42 U.S.C. § 1983 and some arising under Title II of the ADA use the statute of limitations and tolling rules that states employ for personal-injury claims. *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (ADA); *Richards*, 696 F.3d at 637 (§ 1983). In Wisconsin, that limitations period is 6 years. *See* Wis. Stat. § 893.53; *Gray v. Lacke*, 885 F.2d 399, 408–09 (7th Cir. 1989). But, as Lewis alludes to in his complaint, Wisconsin also provides for tolling up to 5 years if the plaintiff was "mentally ill" when the injury accrued and continues to be mentally ill. *See* Wis. Stat. § 893.16(1); *Walberg v. St. Francis Home, Inc.*, 697 N.W.2d 36, 41 (Wis. 2005).

Even assuming (improbably) that all of Lewis's claims accrued on his first day at the jail in 2003, his lawsuit is timely if he was mentally ill, as Wisconsin defines that term, from October 2003 until the day he filed his complaint in June 2014. The district court reasoned that Lewis is ineligible for tolling because his epileptic seizures were, in the court's view, "intermittent episodes." But epilepsy is not a mental illness and has nothing to do with the question of tolling. Rather, Lewis alleges that he also suffered from Post-Traumatic Stress Disorder, depression, and a personality disorder. The district court also reasoned that Lewis does not "allege facts showing that he was completely incapacitated" by these conditions, but the tolling statute does not require "complete incapacitation." A plaintiff is "mentally ill" for purposes of the Wisconsin tolling provision if he is or was "functionally unable to understand or appreciate the situation giving rise to the legal claim" or "functionally unable to understand legal rights and appreciate the need to assert them." *Storm v. Legion Ins. Co.*, 665 N.W.2d 353, 369 (Wis. 2003). This is a factual inquiry that renders the district court's dismissal at the complaint stage premature.

Finally, the district court indicated that its dismissal of Lewis's suit counts as a strike, principally because of the claim against the prosecutors. But a plaintiff incurs a strike only when an entire action—not an individual claim—is dismissed on the ground that it is frivolous, malicious, or fails to state a claim. *See Turley v. Gaetz*, 625, F.3d 1005, 1012 (7th Cir. 2010).

The judgment is **AFFIRMED** as to defendants Leon Stenz, Charles Simono, John Dennee, and Steve Weber. In all other respects, the judgment is **VACATED**, and the case is **REMANDED** for further proceedings.