**2022 WI App 26**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2021AP1195

Complete Title of Case:

**ESTATE OF MARK DAVID COHEN,**

    **PLAINTIFF-APPELLANT,**

**BARBARA LYDING,**

    **PLAINTIFF,**

   **V.**

**TRINITY HEALTH MANAGEMENT, LLC,**
**TRINITY SENIOR COMMUNITY I, LLC,**
**TRINITY SENIOR COMMUNITY II, LLC,**
**TRINITY SENIOR COMMUNITY III, LLC,**
**TRINITY SENIOR CARE REALTY, LLC,**
**DAVID SCHECHTER, LEAH SIEGEL, TERESA PIRKEL,**
**LAREES JONES, NOHC COTTAGES OF MADISON LLC**
**AND NORTH OAK REALTY GROUP - COTTAGES OF MADISON, LLC,**

    **DEFENDANTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | April 14, 2022 |
| Submitted on Briefs: | January 20, 2022 |

| | |
|---|---|
| JUDGES: | Kloppenburg, Fitzpatrick, and Graham, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:        On behalf of the plaintiff-appellant, the cause was submitted on the
                  briefs of *Eric J. Hatchell* and *Joseph S. Harper* of *Foley &
                  Lardner LLP*, Madison.

Respondent
ATTORNEYS:        On behalf of defendants-respondents Trinity Health Management,
                  LLC, Trinity Senior Community I, LLC, Trinity Senior Community II,
                  LLC, Trinity Senior Community III, LLC, David Schechter, Leah
                  Siegel, Teresa Pirkel, and Larees Jones, the cause was submitted on the
                  brief of *Donna J. Fudge* of *Fudge Broadwater, P.A.*, St. Petersburg,
                  Florida.

                  On behalf of defendants-respondents NOHC Cottages of Madison LLC
                  and North Oak Realty Group – Cottages of Madison, LLC, the cause
                  was submitted on the brief of *Lori M. Lubinsky* of *Axley Brynelson,
                  LLP*, Madison.

COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP1195**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2021CV464**

**IN COURT OF APPEALS**

ESTATE OF MARK DAVID COHEN,

　　PLAINTIFF-APPELLANT,

BARBARA LYDING,

　　PLAINTIFF,

　V.

TRINITY HEALTH MANAGEMENT, LLC,
TRINITY SENIOR COMMUNITY I, LLC,
TRINITY SENIOR COMMUNITY II, LLC,
TRINITY SENIOR COMMUNITY III, LLC,
TRINITY SENIOR CARE REALTY, LLC,
DAVID SCHECHTER, LEAH SIEGEL, TERESA PIRKEL,
LAREES JONES, NOHC COTTAGES OF MADISON LLC
AND NORTH OAK REALTY GROUP - COTTAGES OF MADISON, LLC,

　　DEFENDANTS-RESPONDENTS.

　　　　APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

¶1      FITZPATRICK, J.   Mark Cohen was injured while residing at a community-based residential facility and died from those injuries a month later.  The Estate of Mark Cohen ("the Estate") initiated this lawsuit alleging that several persons and legal entities are liable to the Estate for Cohen's injuries and death.  The Estate appeals an order of the Dane County Circuit Court dismissing the Estate's action because it is barred by a statute of limitations, WIS. STAT. § 893.555(2)(a) (2019-20).[1]  The Estate argues that its action was timely filed because the three-year period of limitation set forth in § 893.555(2)(a) was tolled until the date of Cohen's death by operation of WIS. STAT. § 893.16(1).  For the following reasons, we disagree with the argument of the Estate and affirm the order of the circuit court.

## BACKGROUND

¶2      Because this appeal is before us on motions to dismiss, we assume the facts alleged in the complaint to be true.  *See* ***Esser Distrib. Co. v. Steidl***, 145 Wis. 2d 160, 163, 426 N.W.2d 62 (Ct. App. 1988).  The Estate's complaint contains the following material allegations.

¶3      Cohen was a permanent resident of Madison Heights Senior Community ("MHSC"), a community-based residential facility in Madison, Wisconsin.  Cohen had a history of schizoaffective disorder and had been diagnosed as bipolar with paranoid delusions, auditory hallucinations, and anxiety.[2]

---

[1]  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  As will be discussed later in this opinion, we assume without deciding that Cohen had at all pertinent times a mental illness within the meaning of the applicable statutes.

2

¶4    On February 2, 2018, Cohen was severely burned while smoking a cigarette after he was left unsupervised at MHSC. Cohen subsequently died from his injuries on March 2, 2018.

¶5    On February 23, 2021, the Estate filed this action against a number of persons and entities associated with MHSC at the time of Cohen's injuries as well as the owners of MHSC at the time the complaint was filed.[3] The Trinity defendants and the NOHC defendants separately filed motions to dismiss, each arguing that the Estate's claims are barred by the three-year statute of limitations set forth in WIS. STAT. § 893.555(2)(a). The Estate opposed the motions, arguing that the complaint was timely filed because the three-year statute of limitations was tolled, pursuant to WIS. STAT. § 893.16(1), until March 2, 2018—the date of Cohen's death.

¶6    The circuit court concluded that the Estate's complaint is barred by the statute of limitations set forth in WIS. STAT. § 893.555(2)(a) because the Estate failed to file its complaint within three years of the date of Cohen's injury. The circuit court rejected the Estate's argument that, under WIS. STAT. § 893.16(1), the three-year statute of limitations in § 893.555(2)(a) was tolled for the one month from the date of Cohen's injury until his death. The Estate appeals.

---

[3] Specifically, the complaint named as defendants the following persons and entities associated with MHSC at the time of Cohen's injuries: Trinity Health Management, LLC; Trinity Senior Community I, LLC; Trinity Senior Community II, LLC; Trinity Senior Community III, LLC; David Schechter; Leah Siegel; Teresa Pirkel; and Larees Jones (the "Trinity defendants"), and the Trinity defendants have filed a joint response brief in this court. The complaint also named as defendants the owners of MHSC at the time the complaint was filed: NOHC Cottages of Madison LLC; and North Oak Realty Group – Cottages of Madison, LLC (the "NOHC defendants"), and the NOHC defendants have filed a joint response brief in this court. Defendant Trinity Senior Care Realty, LLC, was served with the summons and complaint in this action but did not make an appearance in the circuit court. That same entity was named as a respondent in this appeal, but has neither appeared nor filed a brief in this appeal. The Estate does not make a separate argument regarding that party, and we do not mention again Trinity Senior Care Realty, LLC.

**DISCUSSION**

¶7      In this appeal, the parties renew their arguments made in the circuit court.  We begin by setting forth governing principles and our standard of review regarding statutes of limitations.

## I.  Governing Principles and Standard of Review Regarding Statutes of Limitations.

¶8      This appeal concerns application of a statute of limitations.  That is a question of law we review independently and without deference to the decision of the circuit court.  ***Esser***, 145 Wis. 2d at 164.

¶9      This appeal also requires us to interpret WIS. STAT. § 893.555 and WIS. STAT. § 893.16.  "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source omitted).  "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***Id.***  Statutory interpretation and the application of statutes to undisputed facts are questions of law that this court reviews de novo.  ***Landis v. Physicians Ins. Co. of Wis., Inc.***, 2001 WI 86, ¶¶12-13, 245 Wis. 2d 1, 628 N.W.2d 893.

## II.  The Estate's Claims Are Barred by the Statute of Limitations in WIS. STAT. § 893.555(2)(a).

¶10     We begin our analysis by discussing the applicable statutes. WISCONSIN STAT. § 893.555(2) provides in pertinent part:

> (2) … [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a long-term care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury.

Sec. 893.555(2)(a). The parties do not dispute that: the Trinity defendants and the NOHC defendants come within the definition of "long-term care provider" as used in § 893.555(2); and the applicable statute of limitations for the Estate's claim as described in § 893.555(2)(a) is "[t]hree years from the date of [Cohen's] injury." *See id.* The parties also do not dispute that February 2, 2018, the date Cohen was burned, was "the date of [his] injury." *See id.* Therefore, based on the terms of § 893.555(2)(a), the Estate was required to bring its claim by February 2, 2021, three years from the date of Cohen's injury. Because the Estate filed its complaint on February 23, 2021, the Estate's claim is not timely under § 893.555(2)(a).

¶11 The Estate argues that its claim is not time-barred under WIS. STAT. § 893.555(2)(a) because of the operation of WIS. STAT. § 893.16. Section 893.16 provides in relevant part:

> (1) If a person entitled to bring an action is, at the time the cause of action accrues, … mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.
>
> (2) Subsection (1) does not shorten a period of limitation otherwise prescribed.

Sec. 893.16(1)-(2). As noted, a "period of limitation"[4] described in this section may be altered while a person such as Cohen has a mental illness. Sec. 893.16(1).[5] For the purposes of § 893.16(1), a person's mental illness ceases upon death. ***Walberg v. St. Francis Home, Inc.***, 2005 WI 64, ¶21, 281 Wis. 2d 99, 697 N.W.2d 36. For the following reasons, we conclude that WIS. STAT. § 893.555(2)(a) time-bars the Estate's claim, and that conclusion is not altered by the provisions of § 893.16.

¶12    Pursuant to WIS. STAT. § 893.16(1), when Cohen's mental illness ceased on the date of his death, March 2, 2018, the Estate would have had two years to timely commence its action based on the two-year period of limitation set forth in § 893.16(1) ("[T]he action may be commenced within 2 years after the disability ceases."). However, pursuant to § 893.16(2), the provisions of § 893.16(1) "do[] not shorten a period of limitation otherwise prescribed." Sec. 893.16(2). Accordingly, applying the terms of § 893.16, the three-year period of limitation in WIS. STAT. § 893.555(2)(a) applies to the Estate's claim rather than the two-year period of limitation in § 893.16(1). *See **id.*** In sum, the provisions of § 893.16 do not alter our conclusion that the Estate's claims are not timely under the three-year statute of limitations in § 893.555(2)(a).

---

[4] The parties do not dispute that the phrase "period of limitation" used in WIS. STAT. § 893.16 is synonymous with the phrase "statute of limitations" used elsewhere in the statutes.

[5] The Trinity defendants argue that the Estate's complaint does not establish that Cohen was "mentally ill" at the time of the accident or during the following weeks leading up to his death. The NOHC defendants follow the circuit court's approach and assume for the sake of argument that Cohen was "mentally ill" at all relevant times. We need not decide whether the Estate's complaint establishes Cohen's mental illness because, for the purposes of this opinion, we assume without deciding that Cohen was "mentally ill" as referred to in WIS. STAT. § 893.16(1) at all pertinent times. *See **Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

¶13     The Estate nevertheless contends that, based on its interpretation of case law, WIS. STAT. § 893.16(1) tolls the three-year period of limitation in WIS. STAT. § 893.555(2)(a) for the one month between Cohen's injury and his death. According to the Estate, case law requires that § 893.16(1) be construed as extending the three-year statute of limitations in § 893.555(2)(a) to three years and one month because Cohen's mental illness was a "disability" for the one month Cohen survived after his injury.

¶14     The Estate primarily relies on our supreme court's opinion in *Storm v. Legion Insurance Co.*, 2003 WI 120, 265 Wis. 2d 169, 665 N.W.2d 353.  In that case, Storm alleged that:  health care providers negligently treated her or negligently supervised her treatment; she had a mental illness at the times her claims accrued against those providers; and her mental illness had not ceased.  *Storm*, 265 Wis. 2d 169, ¶2.  Storm argued that the applicable three-year period of limitation in WIS. STAT. § 893.55(1)(a) (2001-02)[6] could be extended by up to five additional years pursuant to the provisions of § 893.16(1).  *Id.*  Our supreme court agreed,

---

[6] WISCONSIN STAT. § 893.55(1) (2001-02) provided:

> (1) … [A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
>
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Sec. 893.55(1) (2001-02).  All subsequent references to this statute are to the 2001-02 version that was in effect at the time *Storm* was decided.  We note that § 893.55(1) was later renumbered to WIS. STAT. § 893.55(1m).  *See* 2015 Wis. Act 183, § 2.

concluding that § 893.16(1) permits the three-year period of limitation under § 893.55(1)(a) to be "tolled" for up to five years in certain circumstances. *Id.*, ¶¶4, 6.

¶15    The Estate points to portions of the ***Storm*** opinion in which our supreme court referred to WIS. STAT. § 893.16(1) as a "disability tolling provision" and stated that § 893.16(1) "toll[s] the period of limitation in [WIS. STAT.] § 893.55(1)(a)." *See id.*, ¶¶2, 4, 15, 38.  Based on that language, the Estate argues that § 893.16(1) tolls the three-year period of limitation under WIS. STAT. § 893.555(2)(a) for the one month that Cohen survived after his injury, effectively extending the statute of limitations for the Estate's complaint to three years and one month.  Contrary to the Estate's argument, however, ***Storm*** does not stand for the proposition that § 893.16(1) tolls the three-year period of limitation under § 893.555(2)(a) for one month in these circumstances.  Nothing in ***Storm*** indicates that our supreme court was fundamentally altering the plain meaning or the application of §§ 893.16 and 893.555(2)(a) as we described earlier in this opinion. *See **Webster v. Fall***, 266 U.S. 507, 511, (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").  Rather, the supreme court's use of the term "toll" reflects the practical effect of § 893.16(1) under circumstances in which a claimant's disability never ceases.  In that event— as was the case in ***Storm***—a period of limitation is never triggered by the cessation of the claimant's disability, and the underlying period of limitation can be effectively "tolled" for up to five years.

¶16    In contrast and as discussed earlier, in these circumstances in which Cohen's disability ceased one month after his injury, the two-year period of limitation in WIS. STAT. § 893.16(1) is not triggered and, pursuant to § 893.16(2),

the otherwise applicable three-year period of limitation in WIS. STAT. § 893.555(2)(a) applies and is not tolled. As our supreme court explained in *Storm*, "if Storm was mentally ill at the time her causes of action accrued against each defendant, and *if her illness did not cease more than two years before she filed a claim against any of the individual defendants*, then Storm timely filed her action alleging medical malpractice against [defendants]." *Storm*, 265 Wis. 2d 169, ¶6 (emphasis added). This language cannot be reconciled with the Estate's interpretation of the analysis in *Storm*. Therefore, the Estate is incorrect that the three-year period of limitation in § 893.555(2)(a) was tolled for the one month from Cohen's injury until the date of his death.

¶17    Finally, the Estate contends that any statutory interpretation which bars its claim conflicts with what the Estate argues is the "analogous" holding in *Korth by Lukas v. American Family Insurance Co.*, 115 Wis. 2d 326, 340 N.W.2d 494 (1983). In *Korth*, a minor and her parents commenced a combined action for injuries suffered by the minor. *Korth*, 115 Wis. 2d at 328. The parents' claims were for medical expenses and loss of society and companionship. *Id.* The plaintiffs' suit was filed three years and three months after the date of injury. *Id.* Although the underlying period of limitation for such actions was three years from the date the claims accrued, the applicable disability tolling provision tolled the underlying period of limitation for a minor until one year after the minor's eighteenth birthday. *Id.* at 328-29 (citing WIS. STAT. § 893.54(1) (1981-82) and WIS. STAT. § 893.18(2) (1981-82)). The defendants in *Korth* agreed that the minor's action was timely filed, but argued that the parents should not be allowed to take advantage of the tolling provision because the language of that provision only applied to the minor's causes of action. *Id.* at 328, 331.

¶18     Our supreme court held "as a practical matter" that the parents' causes of action for medical expenses and loss of society and companionship should be filed with the minor's claims, and the parents' claims were timely filed. *Id.* at 331. The supreme court based that holding on the following: case law requires that a parent's claim for loss of society and companionship "must be 'combined with that of the child for personal injuries'"; allowing the parent's claims to be combined with the child's claim "protects the defendants from multiple litigation and inconsistent judgments" and protects the public by "settlement of controversies in one proceeding"; combining the claims of the parents and the child imposes "no great burden" on the defendant; and this result protects "access to courts." *Id.* at 330-31, 333 (quoted source omitted). Importantly, the court also stated clearly that "statutes creating limitations are to be reasonably and fairly construed, but should not be extended by [judicial] construction." *Id.* at 333.

¶19     In support of its contention that the court's analysis in *Korth* is "analogous" to this case, the Estate argues that "[l]imiting the time period for [the Estate] to file the claim does not create additional burden for the defendants. Had [Cohen] *not* died, the lawsuit filed by [the Estate] against these same defendants, on the exact same day, would have been timely." We reject the Estate's argument because we discern no basis to conclude that the unique circumstances and confluence of factors in *Korth* apply in this case, and the Estate's argument gives us no basis to ignore the plain language of the applicable statutes. Therefore, *Korth* does not alter our conclusion that the Estate's action is time-barred under WIS. STAT. § 893.555(2)(a).

¶20     As our supreme court has explained, "we assume that the legislature's intent is expressed in the statutory language." *Kalal*, 271 Wis. 2d 633, ¶44; *Storm*, 265 Wis. 2d 169, ¶21 ("When a statute is plain and unambiguous, interpretation is

10

unnecessary and intentions cannot be imputed to the legislature except those to be gathered from the terms of the statute itself.").  Here, the unambiguous language of the statutes discussed above establishes that the Estate had three years from the date of Cohen's injuries to commence this action.  Because the Estate did not do so, the circuit court properly granted the motions to dismiss of the Trinity defendants and the NOHC defendants.

## CONCLUSION

¶21     For the foregoing reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.